CLARENCE HICKS V. THE STATE.

No. 14765. Delivered January 20, 1932.

The opinion states the case.

*R. B. Hood,* of Weatherford, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is manufacturing intoxicating liquor; the punishment, confinement in the penitentiary for one year.

Operating under a search warrant, officers went to appellant's residence and instituted a search for intoxicating liquor. They found a whisky still in operation in appellant's garage. Appellant and one Chapman were present at the time the search was made. In the garage, in addition to the still, the officers found a quantity of whisky and mash. Whisky was dripping from the worm into a jar. There was a fire under the still. Speaking of the still, one of the officers said: "It looked to me like about a hundred gallon capacity still." After the officers reached the house and immediately before they instituted search, appellant came out to the car and said: "I am just caught red handed. I am running off a batch now. You don't need any search warrant, guns or anything else." Appellant made the further statement, in effect, that the search ruined him. He asked the officers if they would let him and Chapman do away with the still. Appellant's wife was present when the search was instituted, but was not in the garage where the whisky was being manufactured. Appellant introduced no witnesses on the question of guilt or innocence, but offered several witnesses who testified that his general reputation for being peaceable and law-abiding was good.

Appellant excepted to the charge of the court for its failure to submit an instruction covering the law of circumstantial evidence. The opinion is expressed that the charge on the subject of circumstantial evidence was not required. There was direct evidence that appellant manufactured the whisky. Branch's Annotated Penal Code, sec. 1874; Alexander v. State, 40 Texas Crim. Rep., 407, 49 S. W., 229. In any event, the facts proven were in such close juxtaposition to the main fact to be proved as to be equivalent to direct testimony. Crows v. State, 34 Texas Crim. Rep., 533, 31 S. W., 373.

Appellant objected to the charge of the court on the ground that it failed to advise the jury to acquit him unless they believed from the evidence beyond a reasonable doubt that he was guilty. An inspection of the charge discloses that the jury were advised, in substance, that if they believed from the evidence beyond a reasonable doubt that appellant manufactured whisky he should be convicted. Appellant offered no affirmative defense. The court gave him all he was entitled to in the charge to which reference has been made.

Appellant objected to the charge of the court for its failure to embrace an instruction covering the law of principals. The evidence was direct and uncontroverted that appellant was manufacturing whisky. The still was in appellant's garage. The court authorized a conviction only if

appellant actually manufactured the whisky. Under the evidence, we are unable to see how a charge on the law of principals could have benefitted appellant. If the court should have charged on the law of principals, to reverse the case because of the failure to so charge would, in our opinion, do violence to the statutory command inhibiting a reversal of the conviction on account of an error in the charge not calculated to injure the rights of the accused. Article 666, C. C. P.; Durham v. State, 112 Texas Crim. Rep., 395, 16 S. W. (2d) 1092.

Appellant objected to the receipt in evidence of the declaration he made to the officers to the effect that he was caught "red handed" and that he was ruined. The objection was that he was under arrest, and that the statute touching the receipt in evidence of confessions had not been complied with. This declaration was made immediately prior to the time the officers made the search and while the still was in operation. We think the declaration was admissible as res gestae. Elms v. State, 114 Texas Crim. Rep., 642, 26 S. W. (2d) 211.

In his argument to the jury the district attorney used language as follows: "I do not see how you, gentlemen of the jury, can hesitate to find the defendant guilty. The state has proven him guilty beyond question, and there is not any testimony in this record contradicting the state's testimony." Appellant obpected to the foregoing argument on the ground that it constituted a reference to his failure to take the stand and testify in his own behalf. Appellant's wife was present at the place where the search was made. She was not called as a witness by appellant. A statement of the prosecuting attorney to the effect that the state's case is uncontradicted cannot be held to be a reference to the accused's failure to testify where others than the accused could have testified to the facts. Branch's Annotated Penal Code, sec. 374; Sample v. State, 52 Texas Crim. Rep., 505, 108 S. W., 685.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court. .