## ARTHUR HAYS V. THE STATE.

No. 17622. Delivered June 5, 1935.
Rehearing Denied June 28, 1935.

The opinion states the case.

*Thos C. Ferguson, O. B. Zimmerman,* and *Ben L. King,* all of Burnet, and *N. T. Stubbs,* of Johnson City, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of burglary, and his punishment was assessed at confinement in the state penitentiary for two years.

The testimony adduced upon the trial showed that on the night of November 12, 1934, John Russell and Ollie Davidson were driving along Highway No. 29 in the vicinity of Clarence Breazeale's farm where they observed a Chevrolet roadster with a trailer attached to it parked on a side road about one hundred yards from the highway. They recognized the car as that of the appellant. The trailer was empty at the time. They saw no one there or about the car and trailer. From there they drove to the Jackson farm where they inspected the barn which they found to be in order and then drove to Bertram and then returned to the place where they had seen the roadster and trailer which had been moved. In a few minutes they saw the lights of a car coming over the hill in Breazeale's field on towards the highway. Russell and Davidson immediately switched off their lights and when the roadster with the trailer passed them they switched on their light and followed the roadster and trailer to the town of Liberty Hill, at all times keeping their light shining on the trailer. The parties driving the roadster with the trailer attached, after passing through the business part of the town of Liberty Hill, stopped and got out of their car, and Mr. Russell and Mr. Davidson also stopped and examined the trailer and the car. They found that the trailer contained 17 sacks of oats of 5 bushels each and in the turtle back of the car they found three sacks full of oats. Mr.

Russell asked them where they got the oats, to which Vance Womack replied, "I do not consider it is any of your business." Mr. Russell kept on questioning them about the oats and Womack finally said he bought them from a man in Llano but could not give the name of the party from whom he claimed to have purchased the oats. The only statement which the appellant made was, "I am hauling oats." Mr. Davidson accused them of having stolen the oats and told them that they had better take them back where they got them, to which appellant made no reply, but Womack said, "They did not come out of your barn." Russell and Davidson then got into their car, drove uptown, and notified Fred Martin, the constable. In the meantime the appellant and his companion turned their car and started down the road to Austin. They were overtaken by Russell, Davidson, and Martin about five miles from Liberty Hill at about 3 a. m. An investigation of Mr. Breazeale's premises dsclosed the fact that a car with a trailer had entered his premises at a point where the wire fence was pulled down and it was where this wire fence was down that this car and trailer went into Breazeale's premises to within 30 feet of the house in which he had oats in five bushel sacks stored. Some of the oats had been taken out through a window and human tracks led from the window to where a car or trailer had been parked. Scattered oats were also found on the ground strewn along the route from the window to the place where the trailer stood. The testimony shows that all the doors were closed and fastened on the inside. The windows were all down but the upper sash of one window was broken. Vance Womack, one of the alleged principals, told Russell and Davidson that the appellant was hauling the oats for him; that he had agreed to pay appellant $6.00 to haul them. Mr. Breazeale identified the oats in the trailer as the oats he had raised and stored in said house. He said that when he sacked the oats he cut the string too long with which he tied the sacks and the string was doubled back about half way of the sack and also the sacks had patches on them. The appellant did not testify or offer any testimony in his behalf.

The appellant assigns numerous errors upon which he relies for a reversal of this case, but we do not deem it necessary to discuss all of them because some are clearly without merit.

The appellant's first contention is that the court erred in declining to submit to the jury his requested special charge for a peremptory instruction because the evidence showed that the alleged burglarized house was open at the time of the alleged

burglary. We can not agree with the appellant's contention because the proof shows that all the doors of the burglarized house were closed and were fastened on the inside; that the windows were down and that Mr. Breazeale in entering the house would raise a window and enter through it.

The appellant's next contention is that the court erred in declining to instruct the jury to the effect that when the defendant was first questioned about his possession of the alleged stolen oats he disclaimed any ownership of them but claimed that he was only a hired hand and was hauling the same for Womack. The record discloses that the court at the request of the State instructed the jury that if the defendant was merely a hired hand of Vance Womack and did not participate in the alleged burglary of said house and then and there acted under an honest belief that Womack had a right to enter the house and take the property in question, etc., to acquit him. It occurs to us that the charge adequately presented the matters complained of by the appellant.

The appellant's next contention is that the court erred in failing to charge the jury upon exculpatory statements of the defendant and in declining to submit to the jury his requested special charge No. 2. In order for the appellant to be entitled to a charge on exculpatory statements it must be made to appear from the record that the facts require such a charge. When the appellant and his codefendant were found in possession of the alleged stolen oats and questioned with reference thereto the appellant said he was hauling oats, and Womack, his codefendant, said, "I bought the oats and hired Hays to haul them." This statement was but an explanation of how he came into possession of the alleged recently stolen property and the court instructed the jury that if they believed from the evidence that the property described in the indictment had been stolen from the prosecutor and that recently thereafter the defendant was found in possession thereof and when his possession was first questioned he made an explanation of how he came by the oats and accounted for his possession thereof in a manner consistent with his innocence and that if such explanation was reasonable and probably true, then they should consider such explanation as true and acquit the defendant. This was a proper application of the law to the facts. The appellant was not entitled to a charge on exculpatory statements inasmuch as he had not confessed his guilty connection with the alleged offense nor his participation therein, and in connection with such confession made statements exculpatory in their

nature. The statement made by the appellant did not admit his guilt and was not so intended by him when he made it. It neither connected nor tended to connect the defendant with the burglary but on the contrary was intended to exclude and rebut such inference. In the case of Whorton v. State, 152 S. W., 1084, this court said: "Such statements are made as well for the purpose of showing the absence of guilt as to manifest an innocent connection with the possession of the alleged stolen property by the defendant, and are intended to operate as exculpatory of guilt and crime. This character of evidence is elicited for the purpose of explaining the defendant's possession of the property when his right thereto is called in question." It occurs to us that an instruction on the law relative to an explanation of the possession of recently stolen property, etc., was sufficient to fully protect the defendant in his legal rights. The state did not rely on appellant's confession for conviction. In the case of Gibson v. State, 53 Texas Crim. Rep., 349, 362, 110 S. W., 41, this court said: "Where statements introduced in evidence against defendant do not admit the commission of the offense, but are statements of collateral and incidental facts shown to be untrue and known to defendant to be untrue, and are offered to show an effort to shield himself from the force and effect of the facts tending to connect him with the commission of the offense, it is not necessary to charge that the State is bound by the whole of the statement." See also Trevenio v. State, 48, Texas Crim. Rep., 207; Dixon v. State, No. 17,455; decided April 10, 1935, not yet reported (128 Texas Crim. Rep., 584). The State proved facts and circumstances which, if true, are deemed sufficient to connect the appellant with the offense charged. It was the appellant's car that was pulling the trailer containing 17 sacks of oats. It was the appellant's car in which three sacks of the alleged stolen oats were found. The appellant and his codefendant were observed in the dead hour of midnight coming from the direction of the alleged burglarized house and when they entered the highway leading towards the town of Liberty Hill, Russell and Davidson flashed their lights upon the car and trailer and closely followed them into Liberty Hill. No one got out of or into the car while en route from the point where it entered the highway going to Liberty Hill. Hence the inference that the appellant had gone to the burglarized house in his car with his codefendant, that they loaded the oats at nighttime and that he drove the car away from the burglarized house, which was sufficient to connect him with the offense charged.

We have examined the court's charge, together with the

special requested charges given, and the appellant's objections to same, as well as appellant's special requested charges, and reach the conclusion that no error has been pointed out which would justify or authorize a reversal of this case.

Therefore, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant in his motion for rehearing insists that we were in error in holding that the court did not err in submitting the State's special requested charge No. 2 because the same is contradictory in itself and casts a greater burden on him in proving his defense than the law requires. In our original opinion we did not approve this charge but no objection was made to the same within the time and in the manner prescribed by law. If proper objection had been urged to the same specifically pointing out the error, no doubt the trial court would have responded to the objection and amended the charge. Art. 658, C. C. P., provides that all objections to the court's charge shall be in writing specifically pointing out the error complained of and shall be made before the court reads his charge to the jury. This court has frequently held that the article above referred to must be strictly complied wth. See Kelly v. State, 112 Texas Crim. Rep., 514, 17 S. W. (2d) 460; Lawson v. State, 24 S. W. (2d) 412; Dean v. State, 42 S. W. (2d) 1025; Walker v. State, 45 S. W. (2d) 987.

Appellant's next contention is that the statement made by Vance Womack, a co-defendant, in appellant's presence, to the effect that he, Womack, purchased the oats and hired appellant to haul them, was an exculpatory statement. We are unable to agree with appellant in this contention. The statement was but an explanation of his possession of the alleged recently stolen property. The State did not rely on the alleged statement for a conviction because it did not embrace a confession or an admission of guilt. This leads us to the conclusion that the court's charge on explanation of possession of recently stolen property adequately protected appellant's legal rights.

Appellant also contends that the evidence showed he was

but a hired hand hauling the oats for Womack and that the court did not submit said issue to the jury. An examination of the court's charge discloses that he instructed the jury that "if the defendant was merely a hired hand of one Vance Womack and did not then and there participate in the alleged burglary of said house, or that defendant's connection was wholly subsequent to the alleged burglary, or if they had a reasonable doubt thereof, to acquit him." Besides, the court instructed the jury that if they believed that appellant's connection with the matters testified to was subsequent to the breaking and entering, if any, of said house, then they could not convict appellant. Appellant did not testify. His alleged defense comes from the explanation given by his co-defendant at the time when appellant was apprehended with the stolen oats in his car and trailer.

Believing the case was correctly disposed of in the original opinion, the motion for rehearing is overruled.

*Overruled.*