# JUNE 24, 1936

## O. C. BAKER v. THE STATE.

No. 18001.   Delivered March 25, 1936.
Appeal Reinstated April 29, 1936.
Rehearing Denied June 24, 1936.

The opinion states the case.

*W. E. Myres*, of Fort Worth, and *Fred Stockdale*, of Aspermont, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.The offense is theft of cattle; the punishment, confinement in the penitentiary for two years.

We find in the record a verdict, but it does not appear that a judgment was rendered thereon. Under the circumstances, this court has no jurisdiction.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON REINSTATEMENT OF APPEAL.

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

On the 19th of March, 1935, a brown Jersey cow was stolen from L. E. Davis. On the night of the 27th of March, 1935, said cow was found by W. C. Newman, a deputy sheriff, in

appellant's cow lot. Mr. Newman testified that when he questioned appellant concerning his possession of the cow he stated to him he had practically raised said animal. After talking to appellant the witness left and later returned with Mr. Davis. Again being questioned as to where he got the cow, appellant stated that he had bought her in Cleburne from some man unknown to him. Said cow had been dehorned and there were bloodstains in a trailer owned by appellant.

Appellant did not testify. However, he introduced his brother, who gave testimony to the effect that he was in Cleburne on the 20th of March, 1935, and witnessed a transaction in which appellant bought a yellow Jersey cow. The witness did not know the name of the man from whom appellant made the purchase. Appellant's wife gave testimony raising the issue of alibi. Many witnesses testified that appellant's general reputation for honesty and fair-dealing was good.

In cross-examining appellant's character witnesses, the district attorney elicited from them the fact they had heard that appellant had been indicted in Somervell County for cattle theft. Upon redirect-examination appellant developed the fact that after a trial he had been acquitted of said charge. Moreover, he proved that he had been acquitted because the evidence showed the animal he was alleged to have stolen was in fact his own property. These matters were uncontroverted. Appellant presented a requested instruction to the court which would have advised the jury that the testimony as to the former indictment was not to be taken as a circumstance against him. The court declined to give the instruction. As already stated, appellant not only proved he had been acquitted, but showed that the animal it was alleged he had stolen was in fact his own property. Under the circumstances, we are unable to reach the conclusion that said testimony could have exercised an improper influence on the jury.

It is shown in bill of exception No. 7 that appellant's brother testified that he was in Cleburne when appellant bought a Jersey cow. He testified further that the reason he remembered the occasion was that he had bought some merchandise from a named merchant and had given him a check for five dollars in payment for same; that said check was dated March 20, 1935, and was drawn on the First National Bank of Granbury, and was paid by the bank. Also, the witness testified that on the same date he gave a check in the sum of eight dollars to another merchant in payment for some furniture, and that said check was dated March 20, 1935, and drawn on the

First National Bank of Granbury. In his argument to the jury the district attorney said: "The two checks A. G. Baker (the witness) gave in Cleburne may have been post dated. There is no evidence when they were paid by the bank, or when they were deposited for collection." At this juncture, appellant offered in evidence the checks given, together with the indorsements thereon. The district attorney's objection was sustained. In qualifying the bill of exception, the court states that the contents of the checks were already in evidence. In bill of exception No. 2 it is shown that said checks were offered during the time the witness Baker was testifying. In qualifying said bill the court made the following statement:

"Defendant's counsel proved by said witness the dates of the checks, the date he gave them, the amounts, what they were given for, and the endorsements showing they were paid; the contents of the checks was fully given, and the objection by the district attorney as to the immateriality and burdening of the record, after the contents having been admitted orally, was sustained by the court."

Manifestly, as qualified, said bills fail to reflect reversible error. As to bill No. 7, no objection was made to the argument of the district attorney.

It is shown in bill of exception No. 8 that appellant excepted to the charge of the court for its failure to instruct the jury that before he could be convicted they must believe he was a party to the original taking. An examination of the charge discloses that the court instructed the jury to acquit appellant if they entertained a reasonable doubt as to whether he purchased the animal in question. Moreover, the court instructed the jury that they could not convict unless they believed beyond a reasonable doubt that appellant stole said animal. In our opinion, the charge of the court adequately protected appellant's rights.

The argument complained of in bill of exception No. 5 was as follows: "The witness Woody testified that he was at Will McVicker's place when the defendant came by McVicker's place on the afternoon of March 20, 1935. Why did they not put him on the stand? Why didn't they do it? They were afraid we have his record." The court sustained appellant's objection to the argument and promptly instructed the jury not to consider it for any purpose. In the light of the record, we are of opinion the bill fails to reflect reversible error.

Appellant excepted to the charge of the court for its failure to embrace an instruction on exculpatory statements. Appellant

made contradictory statements at the time his possession of the stolen animal was challenged. The deputy sheriff testified that he first stated to him that he had practically raised the cow, but later said that he bought her from a man in Cleburne. The court instructed the jury, in effect, to acquit appellant if they believed that his explanation accounted for his possession in a manner consistent with his innocence, and that said explanation was reasonable and probably true. The facts reflected by the record are similar to those in the case of Dixon v. State, 83 S. W. (2d) 328, in which case it was held that the failure to charge on exculpatory statements was not error. See, also, Hays v. State, 84 S. W. (2d) 1008.

It is shown in bill of exception No. 6 that the district attorney, in argument, criticized appellant for not placing Monroe Deavers on the stand. Appellant's counsel interrupted the district attorney and stated to the court that Deavers was not in attendance on the court and that his absence was due to no fault or lack of diligence on the part of appellant. Counsel then requested the court to permit him to introduce in evidence the sworn application of appellant for a subpoena for said Deavers. The court declined this request. We think the statement counsel made to the court in the presence of the jury, as set out in the bill of exception, was sufficient to apprise the jury that appellant had sought the presence of the witness and that it was not his fault that he was absent from court. Art. 643, C. C. P., provides that the court shall allow testimony to be introduced at any time before the argument is concluded if it appear that it is necessary to a due administration of justice. In construing said article, this court has declined to reverse cases for the refusal of the trial court to reopen the case and permit the introduction of further testimony unless it has appeared that, under all of the circumstances, the appellant, without fault on his part, had been prejudiced by such refusal. Heidingsfelder v. State, 81 S. W. (2d) 510, and authorities cited. The decisions are to the effect that if there is no reason to believe that the evidence proposed to be offered was of a character to materially change the state of the case favorably for the accused, as it then stood before the jury, it will not be held that there was an abuse of discretion in declining to reopen the case. Heidingsfelder v. State, supra. As already stated, the jury heard counsel for appellant state that he had sought the presence of the witness. Further, they were aware of the fact that counsel was seeking to introduce in evidence the sworn application of appellant for a subpoena for

said witness. Under the circumstances, we think there is no reason to believe that the introduction of the subpoena would have changed the state of the case favorably for the appellant as it then stood before the jury. Hence, we are constrained to hold that the bill fails to reflect reversible error.

A careful examination of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant complains in his motion that we did not discuss his fifth bill of exceptions. Examining same, we note that one Woody testified that about 1:00 or 1:30 p. m. on March 20, 1935, he was at McVickers filling station and saw appellant pass there with a Jersey cow in a trailer. Woody made no effort to describe the cow. We do not approve what the district attorney said when he criticized appellant for not using McVickers as a witness, as we stated in our former opinion, but in view of the prompt action of the trial court in sustaining appellant's objection and instructing the jury not to consider the statement of the State's attorney, or anything else not based on testimony, this would seem ample protection of appellant's rights in regard to this matter.

We did not discuss the facts at any length in our former opinion. Mr. Davis, owner of the alleged stolen cow, lived in Hood County a few miles from Granbury. He bought a dark brown Jersey cow from Lanham for $32.00. On Saturday before this cow was stolen on Tuesday night, this appellant was at Mr. Davis' home, looked at this cow, watched Davis milk her, and tried to buy her for $12.50, which Davis refused. Appellant had also been by the place the day before and looked at the cow, and said then he wanted to see her milked. It was in proof that appellant had a two wheel trailer; also that the party who stole the cow on the night of the 19th used a two wheel trailer. The tracks made by the car and trailer at Mr. Davis' house were observed as were also the tracks made by appellant's trailer at his home at the time of his arrest. Sheriff Newman, who made the examination, testified that the tires on appellant's trailer "would make the same kind of imprint

and impression on the ground" as those observed at the Davis home. Mr. Newman located the lost cow at appellant's house shortly after it was taken. He pointed her out to appellant and asked him where he got her, and appellant told him he had had her two or three years, had practically raised her. The cow was freshly dehorned and branded. Later when the owner of the cow asked appellant where he got her, appellant said he bought her in Cleburne. Appellant seems to have been a sort of dealer in cattle, and the finding of said cow in his possession so soon after her disappearance, in view of his desire to acquire her, and his knowledge of the cow, together with his false statements as to how he got her, give ample support to the verdict.

We see no error in the refusal of appellant's special charge No. 1, which reads as follows:

"Gentlemen of the Jury: You are instructed that you will not consider against the defendant any evidence showing that the defendant has previously been indicted and tried for the offense of theft in Somervell County. Such evidence shall not be considered by you even as a circumstance against the defendant in this case."

Such a charge is not one of limitation but of exclusion, and is as though appellant had asked the trial court to tell the jury not to consider evidence before them of materiality sufficient to justify its admission. The cases cited by appellant in his motion for rehearing support no such proposition of law as is here involved. Appellant also complains that we erred in our disposition of his bill of exceptions No. 7. We see no need for further discussion of the matter, which was considered and properly disposed of in our original opinion. Appellant's brother, as a witness in his behalf, did not affirm that he saw appellant load the cow in question from a trailer to his own in Cleburne on March 20, 1935; nor did appellant testify that such was a fact. Appellant did not testify at all, and his brother wholly failed to say that the cow he saw at Cleburne was the cow in question, notwithstanding the fact that she was at the home of her owner near Granbury and easy of inspection at the time of the trial.

Not being able to agree with appellant, the motion for rehearing is overruled.

*Overruled.*