## FREDA BILLS V. STATE

No. 29,085. June 29, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) October 23, 1957.
Certiorari Denied by Supreme Court of the United States
March 3, 1958.
Mandate Issued March 12, 1958.

*McCarthy, Rose & Haynes,* Amarillo, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is kidnapping for extortion; the punishment, 13 years.

Appellant and others were separately indicted for kidnapping Pete Rydolph.

The facts are substantially those set out in the opinions of this court affirming the convictions in two companion cases; Tyler v. State, 163 Texas Cr. Rep. 46, 288 S.W. 2d 517, and Miller v. State, 163 Texas Cr. Rep. 381, 292 S.W. 2d 108; the appellant having testified as a witness for the defendant Miller. She testified upon her trial and her testimony in the Miller case was offered by the state.

Appellant's Bill of Exception No. 1 relates to the dismissal of a prior indictment and the return of the present one subsequent to the Miller trial.

When Miller's case was called he filed affidavit for severance under Art. 651 V.A.C.C.P., requesting that Freda Bills be first tried, whereupon the state, desiring to try Miller, filed a motion to dismiss the charge by separate indictment against Freda Bills, the appellant herein. The court entered order dismissing said cause against Freda Bills on October 26, 1955.

Miller then proceeded to trial and Freda Bills, not being under any charge or indictment, testified in Miller's behalf.

Thereafter, on December 1, 1955, the indictment upon which Freda Bills was tried and found guilty was returned, charging the same offense which was alleged in the prior indictment.

Appellant argues that the dismissal of the prior indictment was a subterfuge by the state to circumvent the severance statute; and that in law the dismissal of the prior indictment is conclusive and she could not be further prosecuted.

Appellant points to the fact that the question here presented has not been previously raised in behalf of the person whose case having been dismissed, testifies for a co-defendant and is subsequently indicted and convicted.

The purpose of Art. 651 V.A.C.C.P., one of the severance statutes, is to make the testimony of a co-defendant available to the defendant separately indicted for an offense growing out of the same transaction, who alleges under oath that such evidence is material for his defense and that he believes that there is not sufficient evidence against said co-defendant to secure his conviction.

When the testimony of the co-defendant is made available by the dismissal of all charges pending against him, and he is thus in position to testify the same as though no charges had ever been filed against him, the statute is satisfied.

Appellant filed no motion for severance, but complains that she was denied the rights to which she was entitled under the dismissal because it was done for the purpose of placing Miller on trial first.

The right to have a charge dismissed as to one jointly charged with an offense, so as to enable another defendant to have the testimony of such party, is for the benefit of the party on trial and not the witness he seeks to have made available. Munoz v. State, 77 Texas Cr. R. 545, 179 S.W. 566.

Appellant was in no worse position when she testified at Miller's trial than she would have been had no indictment been returned against her.

Neither the defendant filing the motion for severance nor his co-defendant, whose testimony is sought, is entitled to have the co-defendant witness immune from further prosecution for

the offense. Saucier v. State, 156 Texas Cr. R. 301, 235 S.W. 2d 903.

The views of Judge Henderson in Brown v. State, 42 Texas Cr. R. 176, 58 S.W. 131, cited by appellant, were not followed by the court in that case nor in other cases, including Saucier v. State, supra.

The remaining ground for reversal relates to the reproduction of appellant's testimony given on Miller's trial.

The state first offered portions only of her testimony on the Miller trial. The trial judge concluded that the excerpts offered did not properly portray her testimony, whereupon the portions read were wtihdrawn and her entire testimony given at the Miller trial was read.

Appellant thereafter testified fully on the same matters and was subjected to a thorough cross-examination as to her testimony at the Miller trial.

Under the facts stated, we find no error in the reproduction of appellant's testimony given on the Miller trial.

The evidence sustains the conviction and we find no reversible error.

The judgment is affirmed.

DAVIDSON, Judge dissenting.

I am of the opinion that the dismissal of the indictment against appellant in order to defeat Miller's application for severance was such an act on the part of the state as that it granted immunity to appellant against being tried for the offense alleged.

It is only by this reasoning that it can be said that the state has not perpetrated a legal fraud upon this appellant.

All the cases cited by both the state and the appellant upon this question arose upon the objection of the person who was insisting upon the severance. I find no case where, as here, the state dismissed an indictment against one codefendant in order to defeat the application for severance of another codefendant

and thereafter secured a new indictment against that person for the same offense charged in the indictment that was dismissed.

When the state dismissed the indictment against this appellant to secure an advantage over Miller which it could not otherwise have had, it granted appellant complete immunity, in my opinion, from prosecution for the offense charged in the indictment which was dismissed.

Not only is that true, but when the state sat by and permitted this appellant to testify upon the trial of the case it necessarily recognized that the dismissal of the indictment against her closed the matter in so far as again prosecuting for the offense charged therein.

In addition to all that, the state introduced and used against appellant to secure her conviction portions of the testimony which she gave upon the trial of the case against Miller, thereby capitalizing upon and using to its own benefit the situation it had brought about by dismissing the indictment to defeat the severance and, in that manner, bring about a situation which it could not otherwise have accomplished. In other words, had the severance been granted and appellant placed upon trial, as required, the state would not have been in possession of any prior testimony on the part of the appellant to introduce against her upon that trial.

This, to my mind, is conclusive: When the state dismissed the indictment against appellant, it rendered her immune from prosecution thereafter for the offense charged in that indictment.

It is only by such conclusion that the state can and will be prevented from perpetrating a legal fraud on an accused and, at the same time, defeat the very purpose of the severance statute and the rights afforded thereby .

If the state can do what it has here done—that is, defeat the severance and at the same time incur no liability or relinquish no right in so doing, then the old adage no longer exists which says that "You cannot eat your cake and have it, too," for that is exactly what the state would be here doing.

My views are in accord with those of Judge Henderson in his

dissenting opinion in Brown v. State, 58 S.W. 131, at p. 134 (42 Texas Cr. R. 176), wherein he said:

"I do not deny that it is competent for the state to dismiss a prosecution pending as to one or more defendants jointly indicted with others, and, when such prosecution is dismissed, the person so discharged may be introduced as a witness by either party; but this is when the action of the court does not involve appellant's right to sever. In other words, whatever may be the construction placed on Article 709, the right of severance guaranteed in Article 707 cannot be frustrated by a simple dismissal of the case against the codefendant. To test this matter, suppose that in answer to a motion to sever under Article 707 the district attorney should, with the approval of the court, dismiss the case against the co-defendant desired as a witness, and he should then be tendered as a witness to the co-defendant being tried, if he should decline to testify, on the ground his evidence might inculpate himself, what power would exist in the court to compel him to testify? Evidently none, and consequently the mere dismissal of the case against him would serve no useful purpose. Suppose he did not claim his privilege, but proceeded to give his evidence in the case, what guaranty would the co-defendant, being tried have that, thus hampered and swearing, as it were, the halter around his neck, he would tell the truth, the whole truth, and nothing but the truth? It occurs to me that Article 707 was intended to secure a right on behalf of a defendant who was indicted, either separately or jointly with others charged with the same crime; and that no other provision of the statute by judicial construction merely should be permitted to override and nullify the provisions of said article which were enacted for his benefit. If the construction placed on these articles by a majority of the court is sound, then the advantages guaranteed to a defendant, under the provisions of Article 707 are overriden by Article 709, and important rights guaranteed under the previous article are thus frustrated by a simple dismissal of the case against the co-defendant. If this can be done at all, it must be with the distinct guaranty that the co-defendant cannot be again prosecuted for the same offense which has been dismissed against him, and concerning which he is called upon to testify."

The articles (707 and 709) there referred to are presently Arts. 651 and 653, C.C.P.

In the Brown case the question of immnuity was insisted

upon by the party seeking the severance. Here, the party seeking to enforce immunity is the one who—as Judge Henderson says, with the "halter around [her] neck"—did testify fully and without hesitation, after the indictment against her had been dismissed, as a witness in the case, all with the consent and approval of the state.

It occurs to me that justice, in its most meagre aspect, would demand of the state the dismissal of the indictment against appellant, with immunity against further prosecution for the offense therein charged, as the price to be paid for the right to try Miller and to defeat the motion for severance.

I respectfully dissent.