MANUEL H. MARTINEZ v. STATE

No. 34,279.   February 7, 1962
State's Motion for Rehearing Overruled March 21, 1962

*John W. O'Dowd,* Houston, for appellant.

*Frank Briscoe,* District Attorney, *Carl E. F. Dally, Edward Nesbit Shaw, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is rape; the punishment, 50 years.

In view of our disposition of this appeal, a statement of the facts will not be deemed necessary other than to state that formal Bill of Exception No. 2 recites that during the cross-examination of the prosecuting witness appellant developed that the witness had previously made a written statement to the police and district attorney concerning the offense on trial. Appellant made a request upon the prosecutor to furnish such statement to him for the purpose of cross-examination and possible impeachment of the witness. This was denied, and appellant then asked the court to instruct the prosecutor to turn the statement over to the court reporter so that it might be incorporated into the record as a part of his bill of exception "* * * so the appellate court

might see what was contained in the statement * * *." This was also denied even though it was stipulated that the prosecutor had the statement in his possession.

Formal Bill of Exception No. 3 recites that appellant followed the same procedure in regard to a written statement made by the State's fourth witness, Mercedes Singleton.

This is the same question which was presented in the recent cases of Gaskin v. State, (p. 7, this volume), and Pruitt v. State, (p. 187, this volume). In Pruit supra we said:

"* * * such statement should have been made available for the record for the purpose of showing injury, if there was injury, and the refusal of counsel for the State to make available the statements or reports which appellant's counsel was not permitted to inspect, deprived appellant of the opportunity to show, if he could, that he was prejudiced by the court's refusal to require the statements to be produced."

In Gaskin, supra, we said:

"The rule applies where demand is made after the witness has testified on direct examination and is for the purpose of cross-examination, and possibly impeachment purposes, *whether the statement has been used by the witness before trial to refresh his memory or not.*"

For the error of the court in failing to permit appellant to perfect his bill so that he might show injury, if any occurred, the judgment is reversed and the cause remanded.