BERT MERON ROBERTSON v. STATE

No. 34,855.   October 31, 1962

*Schenk & Westbrooks*, Wichita Falls, for appellant.

*Donald E. Short,* County Attorney, Wichita Falls, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is driving a motor vehicle upon a public highway while intoxicated; the punishment, 3 days in jail and a fine of $50.

The issue of appellant's state of sobriety was sharply contested.

The arresting officer, Patrolman Ralph Briscoe, pursued appellant who passed his radar at a speed of some 70 miles per hour, but turned off the highway before reaching the Patrolmen McWhorter and Benson, who were working with him. He expressed the opinion that appellant was intoxicated and to the facts upon which he based his opinion.

Patrolmen McWhorter and Benson, who first observed appellant while he was in the patrol car, were the other witnesses who expressed the opinion that appellant was intoxicated.

Patrolman Benson testified that the alcoholic smell on appellant's breath was strong; his eyes were bloodshot, "redish eyes"; his tongue seemed to be a little thick; that he had many times observed persons who were intoxicated and that he would say that appellant was intoxicated at the time he saw him.

On cross-examination Patrolman Benson testified that he formed his opinion that appellant was intoxicated from observing that he had glassy eyes, together with the smell of alcohol on his breath "and the statement that Patrolman Briscoe made about his driving". He denied that when he got to the jail, either he or Mr. McWhorter in his presence, told appellant "that he didn't appear to be very intoxicated".

The appellant, testifying in his own behalf, admitted that he was driving at a speed of some 70 miles per hour, and that he turned off the highway trying "to avoid a ticket". He testified "I definitely wasn't intoxicated" on the day in question.

On the examination of appellant by his attorney he was asked and answered (referring to Patrolman Benson)

"Q. Did he say anything to you at the time when he brought you in to the Jail?

"A. Yes, sir.

"Q. What did he say?

"A. Well, we had a conversation coming on in, and he made the remark that he couldn't see that I was drunk, but it was too late now."

The state's objection that it was hearsay was sustained and, upon motion of the attorney for the state, the court instructed the jury to disregard both the question and answer.

The court was in error in striking the question and answer, the testimony being admissible as impeachment of the testimony of the Patrolman Benson. Spinks v. State, 157 Texas Cr. Rep. 612, 252 S.W. 2d 159; Sanders v. State, 54 Texas Cr. Rep. 101, 112 S.W. 68.

The trial court was also in error in denying appellant the privilege of inspecting a previous statement of the witness Patrolman Briscoe, after he had testified on direct examination, for use in cross-examination and possible impeachment of said witness. Gaskin v. State, 172 Texas Cr. Rep. 7, 353 S.W. 2d 467; Pruitt v. State, 335 S.W. 2d 528; Martinez v. State, 172 Texas Cr. Rep. 186, 354 S.W. 2d 936. Upon another trial demand similarly made should be complied with.

The judgment is reversed and the cause remanded.