**Clyde W. SEWELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 35472.**

Court of Criminal Appeals of Texas.

Feb. 27, 1963.

Rehearing Denied April 24, 1963.
Second Rehearing Denied May 22, 1963.

No attorney on appeal, Orville A. Harlan, Houston (on rehearing only), for appellant.

Frank Briscoe, Dist. Atty., Houston, Gus J. Zgourides and Lee P. Ward, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is burglary, with a prior conviction for felony theft alleged for enhancement; the punishment, 12 years.

The witness Schafer, an employee of a detective agency, testified that, while on patrol at 4:00 A.M. on the night in question, he observed the rear door of a barber shop closing; that he brought his automobile to a halt and ordered whoever was in the barber shop to come out; that appellant and one Jack Broussard appeared with their hands up; and that he detained them at the shop until the police arrived in answer to his call.

Officer Walden testified that, when he arrived at the shop, he found a screwdriver which fit certain indentations made in the rear door where it had been forced open and that he took appellant and Broussard into custody.

His testimony was corroborated by that of the owner of the shop. The prior conviction was established.

Appellant did not testify but called W. L. Cole and B. W. Tilotta, both inmates of the Texas House of Corrections, who testified that they had burglarized the barber shop in question at 1:00 A.M. but had fled the scene when they thought they saw the police.

Appellant also called one Charlotte English, who testified that she had spent the evening in question with appellant and a man named Jack and that the lights on an automobile in which they were traveling went out near the barber shop in question. She stated that appellant and Jack went to look for a telephone but were apprehended by a man armed with a pistol and a flashlight, were conducted up an alley and later carried away in a patrol car.

Officer Walden was recalled in rebuttal and testified that following the arrest he drove the automobile parked near the scene, and to which he had been directed by appellant and Broussard, to the police station, that the lights worked perfectly and that he did not see Charlotte English in the vicinity.

■ The jury resolved what conflict there was in the testimony against appellant, and we find the evidence sufficient to sustain the conviction.

■ No brief has been filed on appellant's behalf. No formal bills of exception appear in the record, and we perceive no error reflected by the informal bills.

The judgment is affirmed.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Presiding Judge.

In his motion for rehearing appellant contends that we should reverse his conviction because the trial judge denied his request that the witness, Officer E. R. Thaler, be required to produce his offense report. Reliance is had upon Gaskin v. State, Tex. Cr.App., 353 S.W.2d 467, and upon Jackson v. State, 166 Tex.Cr.R. 348, 314 S.W.2d 97.

Officer Thaler, having testified for the state, was asked on cross-examination whether he had refreshed his memory from his offense report, and he answered that he had. He was asked if he had the report with him and he said he did not, but that his partner probably had it out in the hall.

It was shown that the witness had not used the report in the courtroom, and that appellant's request to see it "if he did refresh his memory before he came in here" was denied, and he excepted.

The trial court made the offense report requested a part of his qualification to appellant's informal bill of exception.

 Under the rule in Gaskin v. State, 353 S.W.2d 467 (which parallels the Jencks rule in Federal Court) failure to require the production of a prior statement of the witness is not necessarily a denial of due process. The error may be harmless. Blum v. State, 166 Tex.Cr.R. 541, 317 S.W.2d 931; Moreno v. State, 170 Tex.Cr.R. 410, 341 S.W.2d 455; Perdue v. State, 171 Tex.Cr. R. 332, 350 S.W.2d 203; Martinez v. State, Tex.Cr.App., 354 S.W.2d 936; Pruitt v. State, Tex.Cr.App., 355 S.W.2d 528; Hughes v. State, Tex.Cr.App., 358 S.W.2d 386; Rodriguez v. State, Tex.Cr.App., 360 S.W.2d 406; Aguillar v. State, Tex.Cr. App., 362 S.W.2d 111.

For similar holding under the Jencks Act, 18 U.S.C. § 3500, see Rosenberg v. United States, 360 U.S. 367, 79 S.Ct. 1231, 3 L.Ed. 2d 1304.

 We find no such conflict between the testimony of the witness and his offense report, or such omission in the latter, as would warrant the conclusion that he was prejudiced in not having the report furnished him for cross examination.

Jackson v. State, 166 Tex.Cr.R. 348, 314 S.W.2d 97, does not support appellant's claim for reversal. The rule found in that case applies only where the statement requested has been used by the witness while testifying.

The two rules should not be confused.

 As has been stated, the failure to produce a prior statement of a witness which has not been used in some way before the jury by which its contents became an issue, will not result in reversal unless injury is shown or the defendant is deprived of the opportunity to show injury.

 Reversal will result, however, without any showing of injury for denial of the defendant's timely request or demand that he be permitted to inspect *any* document, instrument or statement which is used in some way *before the jury* by which its contents becomes an issue, such as used by the witness to refresh his memory (Jackson v. State, 166 Tex.Cr.R. 348, 314 S.W.2d 97; Green v. State, 53 Tex.Cr.R. 490, 110 S.W. 2d 920, 22 L.R.A.,N.S., 706; Palacio v. State, 164 Tex.Cr.R. 460, 301 S.W.2d 166); or exhibited or read from or used to question the witness in the jury's presence (Board v. State, 122 Tex.Cr.R. 487, 56 S.W. 2d 464; Bailey v. State, Tex.Cr.App., 365 S.W.2d 170 (photograph exhibited before the jury).

The appellant is not shown to have been denied the right to inspect a statement or document that was used before the jury, and has shown no harm or injury resulting from the denial of the prior statement of the witness for use on cross examination.

Appellant's motion for rehearing is overruled.