Larry STUBBLEFIELD, Appellant,

v.

The STATE of Texas, Appellee.

No. 36249.

Court of Criminal Appeals of Texas.

Nov. 20, 1963.

H. Glynn Windham (On Appeal), Dallas, for appellant.

Henry Wade, Dist. Atty., Edwin Davis, Don Nicholson and A. D. Jim Bowie, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for felony theft; the punishment, eight years.

The state's evidence shows that on the morning of September 3, 1962, the witness John Tribble observed a man dressed in gray clothing, whom he identified at the trial as looking like the appellant, walking down Harwood Street in the city of Dallas, around 4 o'clock a. m., carrying something under his arm which appeared to be heavy. The object was wrapped in some type of material. He then observed the man cross the street, "duck" into a parking garage, and walk up a ramp. Thereupon, the witness walked to a street corner, "flagged down" a patrol car, and after a conversation with the officers, they (the officers) proceeded to the garage building which the man had entered. While Tribble was summoning the officers, a pedestrian, Elsie Erwin, watched the building and observed no one go into or leave the building. The building had only one entrance and exit, which was up or down the ramp. When the officers entered the building and had gone to the second floor, they found a large type postage stamp machine lying on the floor at the top of the ramp. A brown coat was under the machine. They then proceeded to search the second and third floors and found no one. While they were on the fourth floor, a man who looked like the appellant came out on the fire escape on the second floor and went back into the building. The officers then returned to the second floor, where they found appellant, wearing gray pants and coat, lying face down in the corner on the floor.

A search of appellant's person revealed that he had an eight-inch freshly broken file in his right back pocket and $32 in change in his right front pocket. An examination of the stamp machine revealed marks which appeared to be file marks.

Mrs. Naneda Farley testified that, based upon certain markings thereon, the stamp machine recovered by the officers was hers, that she had placed the machine in the White Plaza Hotel some two years before, and that when she went to the hotel on September 4, 1962, after being called by the manager, she ascertained that the machine was not there. Mrs. Farley stated that she had not given appellant permission to take the same, and that the machine had a value of approximately $145.

It was shown by expert and opinion testimony that fingerprints taken from the machine were identical to those of the appellant. It was also shown that the coat found under the stamp machine at the parking garage was of the same design as a

pair of pants which were in a cloak room at the hotel.

Appellant did not testify or offer any evidence in his behalf.

The court submitted the issue of appellant's guilt to the jury upon a charge on circumstantial evidence.

We overrule the contention urged by appellant's counsel, in oral argument, that the evidence presented by the state is insufficient to sustain the conviction.

The evidence shows possession by the appellant of recently stolen property, which possession was unexplained. Evidence of such possession is sufficient to sustain the conviction. Foster v. State, Tex.Cr.App., 338 S.W.2d 458.

The evidence being sufficient to support the conviction, and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.