**Dudley BRYANT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 38374.

Court of Criminal Appeals of Texas.

Oct. 13, 1965.

Rehearing Denied Dec. 1, 1965.

Second Motion for Rehearing Denied
Jan. 19, 1966.

Cofer, Cofer & Hearne, Austin, James A. Moore, Houston, for appellant.

Wallace T. Barber, Dist. Atty., San Marcos, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is felony theft; the punishment, six years confinement in the Texas Department of Corrections.

The testimony reveals that on the night of January 16–17, 1963, a four-wheel trailer containing 5600 pounds of feed was stolen from Mr. Ernest Ewald's property in Caldwell County, Texas. On the morning of the 17th Mr. Ewald found the lock broken and the gate to his property open; the trailer and feed, the value of which was at least $250.00 were gone.

Dudley Bryant, the appellant, had leased certain property known as the Kruez place, and had an option to buy. He had a residential trailer house located there, and had livestock on the land.

Three days after Mr. Ewald first discovered his property had been stolen, he was out on a Sunday drive with his family on a country road when he saw his trailer, clearly identifiable with his name marked on the side, sitting several hundred feet from the road behind some small bushes on the Kruez place. Mr. Ewald drove back into Lockhart and reported his discovery to Desmond Reed, Sheriff of Caldwell County, then accompanied the Sheriff to the location where

the trailer had been seen. During the brief fifteen to twenty minutes since Ewald had seen the trailer, it had been moved and could not be seen from the road.

As Mr. Ewald and the Sheriff entered the gate to the Kruez place, the appellant came to meet them in a pickup and, in response to the Sheriff's question as to the location of the trailer, replied that it was "sitting up on a hill," and that they could get up there in the car. Intending to do so, the Sheriff and Ewald got in the Sheriff's car, following appellant, who was driving ahead in his pickup. They had only gone a short distance when appellant suddenly turned off the road and drove off through the mesquite bushes. Sheriff Reed testified that it was impossible for him to follow the appellant, who was "driving about as fast as he could hold it * * * running over pretty good sized bushes."

At this point the Sheriff and Ewald returned to the gate and called for assistance on the car radio. As soon as help arrived, Ewald and an officer went up the road in the direction the appellant had previously indicated. They found the trailer on a hill beside a dead tree, with brush piled inside it. The trailer had been saturated with some imflammable liquid, such as diesel or coal oil, and the front left corner was burning.

Sergeant Jim Riddles, Texas Ranger, testified that he talked with appellant several times after appellant had made bond and before his trial. The appellant gave the Ranger conflicting accounts as to his knowledge of the stolen property, first stating that he had not been at the Kruez place "from Sunday to Sunday" during the week the property was stolen. He later contradicted this story, saying he had gone to the Kruez place on the Thursday morning the property was found to be stolen. On one occasion he also told Sergeant Riddles that when the feed was brought to his place he suspected that it was stolen, and he supposed it had been placed there by some per-

sons from Austin in repayment for favors he had granted them.

Appellant's first contention is that this evidence is not sufficient to support the conviction because there was no evidence that he participated in the taking of the stolen property, or that he ever had possession of it.

■ The rule is well established that the unexplained possession of property recently stolen is a sufficient circumstance to authorize a jury to convict for theft of the property. Stubblefield v. State, Tex.Cr. App., 372 S.W.2d 539; Foster v. State, 170 Tex.Cr.R. 61, 338 S.W.2d 458; see also, 55 Tex.Jur.2d 480, Sec. 214 and cases cited.

The case of Compton v. State, 148 Tex. Cr.R. 53, 184 S.W.2d 630, involved similar circumstances. The conviction there was for cattle theft, and the appellant, relying upon the same grounds as does appellant here, claimed the evidence was not sufficient to support the conviction. Cattle belonging to the Lee Ranch were found on a ranch partly owned and partly leased by Mrs. Compton. Her son, the defendant in that case, managed the ranch for his mother. A deputy Sheriff was trailing the stolen cattle when he discovered a calf lying in the bushes, too tired to stay on its feet. The deputy reported this to the Sheriff who went out to the Compton ranch to investigate this development and as he approached the place where the calf had been found, he saw the defendant riding in a trot toward the calf. Upon seeing the Sheriff, Compton turned and went back toward the Compton ranch house with the Sheriff. At the house, while the Sheriff was talking to another person, the defendant continued to ride around behind the house and "rode off in an easterly direction", making no explanation for his leaving. He returned fifteen to twenty minutes later, his horse winded and sweaty. A witness testified that he had seen Compton driving six head of cattle at an unusual rate of speed, and that when Compton had seen the witness, he quickly changed direction and disap-

peared with the cattle. The cattle were found some time later in a pasture on the Compton ranch with a fresh Compton brand over the old Lee brand. This Court held that the evidence was sufficient to sustain a finding that the defendant was in possession of the property, and was guilty of the theft, saying:

" * * * especially is this true where there are other circumstances which, taken in connection therewith, point to appellant's guilt, such as the conduct of appellant relative to the bull calf, later identified as one of the stolen cattle, and appellant's peculiar movements while this ranch was being searched by officers and others." 184 S.W.2d 630, 634.

In the case before us, the circumstantial evidence is equally as damaging. Appellant was the lessee of the land upon which the stolen property was found, and he had living quarters and livestock there. The lessor testified that appellant was always there whenever he, the lessor, went by the Kruez place. When Ewald went after the Sheriff, the trailer was moved, and an attempt was made to destroy it by setting it afire. Appellant was the only person seen at the Kruez place around the time these events occurred. That appellant knew the trailer was on his land is undisputed; he told the Sheriff where it could be found.

■ The appellant correctly contends that even if the evidence was sufficient to show that he was in possession of the recently stolen property, no inference or presumption of guilt can arise from this fact unless that possession is unexplained, citing 5 Branch's Ann.P.C. 96, Sec. 2650.

Appellant made no explanation when first confronted about the trailer by the Sheriff, and he disappeared shortly after telling where it could be found. The only explanation of his possession of the stolen property was made to Sergeant Riddles several days after the trailer was found at the Kruez place. He stated to the Ranger that he sus-

pected the property to be stolen when it was brought to his ranch by "some characters out of Austin," and that he supposed they left it for him in repayment for hospitality he had previously extended them. Other conflicting statements concerning his knowledge of the stolen property tended to reduce the credibility of this exculpatory statement. It was for the jury to determine if the appellant's exonerating statement was reasonable and probably true, and the jury was not required to accept the explanation offered by the appellant. Corley v. State, 160 Tex.Cr.R. 504, 272 S.W.2d 354; Stephens v. State, Tex.Cr.App., 154 S.W. 996; 5 Branch's Ann.P.C. 100, Sec. 2651 and cases cited.

■ The evidence of the unexplained possession of recently stolen property was sufficient to sustain a verdict of guilty, particularly when viewed in conjunction with appellant's unusual behavior and sudden disappearance when the Sheriff and owner came to find the trailer.

■ The appellant objected to the charge of the court because it failed to include an instruction on exculpatory statements. The court instructed the jury that:

"If you believe from the evidence, or have a reasonable doubt thereof, that persons other than the defendant, who were acting without the defendant and out of the defendant's presence, took the property in question from Ernest Ewald, then you shall acquit the defendant. * * *"

Under these circumstances, there was no error in refusing defendant's requested instruction on exculpatory statements. Baker v. State, 130 Tex.Cr.R. 649, 95 S.W.2d 401; Hays v. State, 129 Tex.Cr.R. 156, 84 S.W. 2d 1008; Dixon v. State, 128 Tex.Cr.R. 584, 83 S.W.2d 328; Tidwell v. State, 40 Tex. Cr.R. 38, 47 S.W. 466.

Appellant's Formal Bill of Exception No. 2, as qualified, indicates that a witness for the State refreshed his memory prior to the

trial by reading from a written transcript of his Grand Jury testimony. Appellant was given an opportunity to examine this transcript, which had been prepared from a recording made at the Grand Jury proceedings, and appellant's counsel cross-examined the witness after this inspection. The District Attorney admitted that the document was not a verbatim transcription of the recording and that portions of the witness' testimony may have been omitted. For this reason, counsel for the defendant requested the production of the recording from which the transcript was made, and that request was refused, as was appellant's subsequent request to direct the District Attorney to produce the recording for incorporation into the record as part of appellant's Bill of Exception. Appellant contends that this refusal deprives him of the opportunity to show injury as a result of the State's failure to produce this recording, and he relies on the following cases: Sewell v. State, Tex. Cr.App., 367 S.W.2d 349; Pruitt v. State, 172 Tex.Cr.R. 187, 355 S.W.2d 528; Martinez v. State, 172 Tex.Cr.R. 186, 354 S.W. 2d 936; and Gaskin v. State, 172 Tex.Cr.R. 7, 353 S.W.2d 467.

Gaskin v. State, held that if the trial court refuses to require the production of a prior statement, the statement should be made a part of the record on appeal, in order that the defendant will not be deprived of the opportunity to show, if he can, that the trial judge abused his discretion in refusing to require the production of the statement. 353 S.W.2d 470. Each of the other three cases cited confirm this holding, with Sewell v. State, Tex.Cr.App., 367 S.W. 2d 349, providing a comprehensive analysis of the rule and a review of prior decisions.

■ Each of these cases involves a factual situation wherein a witness, prior to trial, refreshed his memory by reading a statement previously made by him. That rule will not support appellant's claim of error, for the recording of the Grand Jury proceedings was not used to refresh the memory of the witness, and the only docu-

ment which was so used was produced for the appellant's inspection and use in cross-examination.

We find no error in the trial court's refusal to direct the District Attorney to produce the recording of the Grand Jury proceedings for incorporation into the record as part of appellant's Bill of Exception.

■ The record reveals that during the argument of the State, District Attorney Barber was explaining the court's charge to the jury. After discussing prior paragraphs, he stated:

"Paragraph six, I will just plain read to you. 'You are further instructed in all criminal cases, the defendant has the right to take the witness stand and testify in his own behalf. * * *'"

at which point the prosecution was interrupted by objection of defense counsel. There followed a conference at the Judge's bench, after which Mr. Barber resumed:

"I don't remember just where I was. 'You are further instructed in all criminal cases, the defendant has the right to take the witness stand and testify in his own behalf. * * *'"

at which point the defendant again objected, claiming that the reading of this part of the charge twice was repetitious. The court overruled the objection, and the District Attorney continued:

"I remember where I am now. 'That his failure to take the witness stand and so testify shall not be commented upon, referred to or considered by you members of the jury for any purpose and you are so instructed.' The next paragraph deals with * * *."

Appellant claims that the repeated reading of the first part of paragraph six of the charge constituted a comment on the failure of the defendant to testify in violation of Article 710, Vernon's Ann.C.C.P.

A careful examination of the argument for the State reveals that the District Attor-

ney was proceeding systematically through the charge, explaining and commenting on each paragraph. When he reached the instruction admonishing the jury that defendant's failure to testify should not be considered as a circumstance against him, counsel was careful not to make any extraneous comment on that instruction, and chose to read the paragraph to the jury. He was interrupted in the middle of the paragraph, which consisted of only one sentence, and after a delay, resumed reading the instruction by returning to the beginning of the sentence. Under these circumstances, there was no comment by the prosecution on the defendant's failure to testify.

Prior to trial, the defendant filed a motion to cause the State to first try two co-defendants, claiming that he needed their testimony as witnesses in his behalf and that he believed the State did not have sufficient evidence to convict the co-defendants. On the same day, the State moved to dismiss cases against both co-defendants, and the trial court, overruling appellant's motion that the other defendants be tried first, granted the State's motion to dismiss. The appellant's first formal bill of exception contends that the trial court erred in depriving him of his right, under Article 651, Vernon's Ann.C.C.P., to have made available the testimony of co-defendants separately indicted for an offense growing out of the same transaction. By dismissing the actions against appellant's co-defendants, appellant argues, he was deprived of their unrestrained testimony. Because they are subject to renewed prosecution for this offense, they refuse to testify for fear of incriminating themselves.

█ The view of this Court was expressed in Bills v. State, 166 Tex.Cr.R. 28, 305 S.W.2d 614, where it was stated:

"The purpose of Art. 651, V.A.C.C.P., one of the severance statutes, is to make the testimony of a co-defendant available to the defendant separately indicted for an offense growing out of the same transaction, who alleges under oath that such evidence is material for his defense and that he believes that there is not sufficient evidence against said co-defendant to secure his conviction.

"When the testimony of the co-defendant is made available by the dismissal of all charges pending against him, and he is thus in position to testify the same as though no charges had ever been filed against him, the statute is satisfied."

Article 577, Vernon's Ann.C.C.P. provides authority for the dismissal of a criminal action at any time, provided consent of the court is granted. There was no error in the trial court's refusal to try, or to acquit, the co-defendants in the case prior to appellant's trial.

█ Appellant's fifth bill of exception states that Sheriff Reed, a principal witness for the prosecution, also acted as a bailiff, and had custody of the jury during part of the trial, retiring the jury from the courtroom "more than once", transporting them from the courthouse to their place of lodging on one occasion, and remaining there with them until relieved by one of his deputies. Appellant claims he has been denied due process of law, citing Turner v. State of Louisiana, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424, which held that the defendant in a state action had been denied the right to a fair trial by an impartial jury, when the two deputy sheriffs, who gave key testimony leading to defendant's conviction for murder, had charge of the jury during the three-day trial and had fraternized with them outside the courtroom during performance of their duties.

The record reflects that no objection was made on either occasion when Sheriff Reed took the witness stand, nor did defendant object to the Sheriff's having custody of the jury. There was no motion for mistrial or motion for new trial based on this complaint. As the error, if any, has not been preserved, we cannot pass on this question.

The appellant's seventh point of error states that the trial court erred in failing, in its instructions to the jury, to apply the law of principals to the facts of this case, and also in failing to instruct the jury that the presence or participation of the defendant was an essential element of the State's case.

The court's charge in fact authorized a conviction only if appellant was the actual offender; that is, upon a jury finding that he actually stole the trailer and feed. Had the court in its charge applied the law of principals to the facts of the case, its effect would have been to authorize a conviction on a theory additional to that submitted by the court. Our conclusion was stated in Fine v. State, 125 Tex.Cr.R. 337, 68 S.W.2d 192:

"If it should be conceded that the issue of principals was raised and that the law of principals should have been applied to the facts, we deem the omission harmless, and, under the circumstances reflected by the record, express the opinion that, under the terms of article 666 C.C.P., we would not be warranted in ordering a reversal." 68 S.W.2d 196.

The error, if any, in the trial court's failure to apply the law of principals to the facts of the case was harmless. Garver v. State, 158 Tex.Cr.R. 585, 258 S.W.2d 812; Johns v. State, 129 Tex.Cr.R. 206, 86 S.W. 2d 235; Fine v. State, 125 Tex.Cr.R. 337, 68 S.W.2d 192; Hicks v. State, 119 Tex.Cr.R. 252, 45 S.W.2d 626; and Durham v. State, 112 Tex.Cr.R. 395, 16 S.W.2d 1092.

Finding no reversible error, the judgment is affirmed.

MORRISON, Judge (dissenting).

An issue was raised during the trial as to what Ranger Riddles' testimony had been before the Grand Jury. Appellant was furnished excerpts of such testimony which had been selected and prepared by the District Attorney, but his efforts to secure the entire testimony for incorporation into the record as a part of defendant's bill of exception in order that this Court might determine whether or not he had been injured by being deprived of the same for the purpose of cross examination were foiled by ruling of the trial court. This is exactly the situation described in our opinion on rehearing in Sewell v. State, Tex.Cr.App., 367 S.W.2d 349, and should call for a reversal of this conviction.

I respectfully dissent.

## ON APPELLANT'S MOTION FOR REHEARING

DICE, Commissioner.

Appellant strenuously insists that the majority opinion affirming his conviction was erroneous in upholding the action of the trial court in refusing his request that the recording of the witness's testimony before the grand jury be produced for his inspection and also for incorporation into the record as a part of his bill of exception on appeal.

The record has again been reviewed in the light of such contention, and the majority remain convinced that the rule stated in Gaskin v. State, supra, Sewell v. State, supra, and the other cases cited in the original opinion was met when appellant was furnished with the written transcript of that portion of the witness's testimony before the grand jury from which he had refreshed his memory.

In this connection it should be noted that, under the decisions of this court, the state is not required to produce for inspection of the accused the testimony of witnesses before the grand jury. Hanes v. State, 170 Tex.Cr.R. 394, 341 S.W.2d 428; Nisbet v. State, 170 Tex.Cr.R. 1, 336 S.W. 2d 142, certiorari denied, 363 U.S. 829 80 S.Ct. 1601, 4 L.Ed.2d 1524.

Nor does the rule announced in Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.E.2d 1103, and subsequently su-

perseded by the so-called Jencks Act, 18 U. S.C.A. § 3500, encompass grand jury testimony. Pittsburg Plate Glass v. United States, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed. 2d 1323.

The contention is re-urged by appellant that he was denied due process of law as guaranteed by the Constitution of the United States, under the authority of Turner v. State of Louisiana, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424, because Sheriff Reed, who was a witness in the case, also acted as bailiff and had custody of the jury during part of the trial.

In our original opinion it was pointed out that appellant made no objection to the sheriff's having custody of the jury and that error, if any, had not been preserved. In view of appellant's claim of a denial of due process, we have examined the record and find no merit in such contention. The bill of exception, #5, which presents appellant's claim as qualified by the trial court, which qualification was accepted by the appellant, certified that on one occasion, only, did the sheriff help transport the jury from the courthouse to the place of lodging and that at no time did the sheriff sleep or eat with the jury. Such facts distinguish this case from Turner v. State of Louisiana, supra, where the deputy sheriffs who were the two principal prosecution witnesses were in continuous, intimate association with the jurors—eating, conversing, and running errands for them during the three days' trial.

The claim made by appellant in his motion for rehearing that certain evidence obtained under an invalid search warrant was admitted before the jury is not supported by the record. While testimony was presented to the court in the absence of the jury, relative to the issuance and execution of the search warrant, there was no testimony presented to the jury relative to the fruits of the search. The record further reflects that the jury was instructed not to consider any testimony of the witness Ewald relative to what he saw at the barn, which testimony was given prior to any question being raised as to the legality of the search warrant.

In stating the facts in our original opinion upon which the evidence was held sufficient to support the conviction, reference was made to certain testimony given by appellant's lessor, Allred, to the effect that appellant was always present when the lessor went by the Kruez place. While, as pointed out in appellant's motion for rehearing, this testimony was not given in the presence of the jury and therefore could not be considered, such fact does not render the evidence presented insufficient to sustain the judgment of conviction.

Remaining convinced that a proper disposition was made of the case on original submission, the motion for rehearing is overruled.

Opinion approved by the court.