## JOE ATTERBERRY V. THE STATE.

### *No. 214.   Decided February 10.*

**Assault—Means and Manner Calculated to Alarm.**—Where it appeared that accused, armed with a knife, advanced in an angry and threatening manner with intent to alarm the prosecutor, and under circumstances calculated to, and which did, effect that object, *Held,* sufficient to constitute an assault under subdivision 3, article 489, Penal Code.

APPEAL from the County Court of Hunt. Tried below before Hon. W. H. RAGSDALE, County Judge.

This appeal is from a conviction under an information which charges appellant with an assault upon one J. T. Cannon, the punishment being assessed by the court, a jury having been waived, at a fine of $5.

The opinion states the facts.

*J. B. Atterberry,* for appellant.

*R. L. Henry,* Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of an assault, and his punishment assessed at $5, from which he appeals. The case was submitted to the county judge, a jury being waived. He found appellant guilty of assault, as stated. He also filed conclusions of law and fact. In his conclusions of fact he finds: That appellant and a friend passed the prosecutor on the public road. That they stopped and turned back, and appellant, dismounting, walked up to the prosecutor (then on his horse), and holding his knife in one hand, and placing the other on the prosecutor's leg, said: "I understand you said you whipped me. If you said so, you are a damned liar, and got me to whip." On the prosecutor's denying it, the friend said: "I will whip you." Appellant then told him the only way to get out was to acknowledge he had lied, which he did, and was suffered to depart.

It is insisted that the court erred in finding appellant placed his hand upon the prosecutor's leg, because a majority of the witnesses testified he did not touch him. It makes but little difference, under the facts of the case, whether he touched the prosecutor or not; for it clearly appears he was advancing on him, armed with a knife, in an angry and threatening manner, with intent to alarm the prosecutor, and under circumstances well calculated to, and which certainly did, effect that object; and if so, it was an assault. Penal Code, art. 489, subdiv. 3; Kief's case, 10 Texas Crim. App., 287; Ray's case, 21 So. W. Rep., 540. The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.