### ALICE STEPP v. THE STATE.

#### No. 3859. Decided March 11, 1908.

**1.—Theft—Continuance.**

Where upon trial for theft the application for continuance stated that the fact expected to be proved by the absent witness was that defendant was at home in company with said witness on the night and morning of the day on which the offense was committed, the same was too general as to time to cover an alibi; besides the diligence was not sufficient.

**2.—Same—Evidence—Bill of Exceptions.**

Where upon trial for theft objection was made to the question by State's counsel to prosecuting witness if he knew who took his hat, to which witness answered that some one on the train told him who he was, but the name of the party was not given in the bill of exceptions, there was no error.

**3.—Same—Misconduct of Jury—Defendant's Failure to Testify—Bill of Exceptions.**

Where the bill of exceptions did not show whether the allusion to defendant's failure to testify was made in the jury room before or after the jury reached the verdict, the same was insufficient to raise the question on appeal.

**4.—Same—Evidence—Allegation and Proof.**

Where upon trial for theft the information alleged that defendant committed the theft of a hat, and that the hat was the personal property of the alleged prosecutor there was no error in admitting testimony that the alleged hat was personal property.

**5.—Same—County Judge—Affidavit.**

A county judge is authorized under the statute, civil and criminal, to take affidavits and administer oaths, and is thereby not disqualified to sit as judge in the case wherein said affidavit is filed by the county attorney.

Appeal from the County Court of Mitchell. Tried below before the Hon. W. B. Crockett.

Appeal from a conviction of theft under the value of $50; penalty, thirty-five days confinement in the county jail.

The opinion states the case.

*Sandusky* and *Albert Walker,* for appelant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with and convicted of the theft of a hat, the property of Bruce Stevenson.

The witness Stevenson testifies he was on the west-bound train about 2 o'clock in the morning of March 12, 1907, lying back in a seat with his hat partially over his face, shading it from the light, resting, but not asleep. Just as the train pulled out of the station at Colorado some one ran through the coach from the front end, jerked his hat off his face, ran through the car, jumped off at the back end and ran around behind some freight cars that were standing near by. He chased the party but failed to catch him, as the "train was pulling out." When he reached Big Springs, a station west of Colorado, he phoned the officers to watch out for this party. Appellant was arrested about 11 or 12 o'clock that day. Appellant when arrested had the hat in possession. The hat was thoroughly identified.

Appellant introduced no evidence, and made no statement in regard to the matter. The conviction occurred in November, the theft having occurred in March. When the case was called for trial, appellant sought a continuance for the testimony of Romain. The diligence is thus stated: On the 23rd of April, 1907, appellant caused a subpoena to issue and placed the same in the hands of the sheriff of Mitchell County on the same day. It was returned executed on the same day. This is all the diligence shown. What became of the case or the witness at the intervening courts from the service of process until the trial in November is not stated, nor is it shown or stated in the application whether this is the first or a subsequent application. The facts expected to be proved are thus stated: "That this defendant was at home in company with this witness on the night and morning of the 12th of March, 1907, the time alleged in the information herein, that the offense was committed. The facts are too general in statement. We do not think the court erred in refusing to continue the case.

Another bill of exceptions states that while the witness Stevenson was testifying he was asked by State's counsel if he knew who took his hat. The witness answered that some parties on the train told him who he was. This was objected to as hearsay. As presented, there is no merit shown. The name of the party is not given, and the only fact stated is, if it be a fact, that some parties on the train informed Stevenson who the man was that took his hat, but the witness did not state who he was.

Another bill recites that appellant asked the court to hear evidence

from the jury in regard to alleged misconduct on their part in arriving at a verdict, when came Clarence Prichard, who testified that he was a member of the jury, and the fact that the defendant did not take the stand and testify in the case was mentioned by the jury during their deliberations upon their verdict. This bill is approved with the statement that there were two other jurors who tried the defendant, examined by him on his motion for a new trial under oath, and both of whom stated, that if the fact of defendant not testifying was mentioned in the deliberations of the jury, they did not remember it. We have held that where the fact of the failure of a defendant to testify was discussed by the jury in their retirement, the error would constitute a ground for a new trial, but this bill is not sufficient, in our judgment, to raise the question. Three jurors testified, one of them stating that the fact that appellant did not testify was mentioned in the jury-room during their deliberations. Whether this was before or after the verdict is not stated, and nothing, except the broad statement was made, that it was mentioned. As the bill is presented we are of opinion that it does not require us to enter into a discussion of it.

Another bill recites that while Stevenson, McCauley and Key were upon the stand, defendant objected to their testifying as to the character of the property claimed to have been stolen as being personal property, because it was not so alleged in the information. The information alleges that appellant committed the theft of a hat, and that the hat was the personal property of him, the said Bruce Stevenson. We think that this bill has no merit in it.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

April 22, 1908.

DAVIDSON, PRESIDING JUDGE.—This case is on motion for rehearing. Appellant insists the court misconceived the force and effect of the application for continuance in that it was treated as if the application failed to show whether it was the first or second application. Concede it was the first application: the motion does not undertake to meet the real conclusion of the court in regard to the matter, first, there was absolutely no diligence, and, second, that the facts were stated too generally to be considered. We might add another reason why; that is, appellant might have been at home on the night of the 12th of March, the night the offense was committed, and yet have been at the place at the time of the commission of the offense. The facts expected to be proved, he says, are as follows: "That this defendant was at home in company with this witness on the night and morning of the 12th of March, 1907, the time alleged in the information herein, that the offense was committed." The facts show that the offense was committed on the train at the depot in the town of Colorado, and appellant lived in the town. He could have been at home on the night, and even

on the morning when the offense was committed, and yet been at the depot during that morning. The allegation does not cover all the time or seek to cover it. There is nothing, we think, in this contention.

There is another ground suggested for the first time in the motion for rehearing, for a reversal, and it is based upon the fact that the county judge took the affidavit or complaint of the witness charging appellant with theft of a hat. One of the grounds seems to be predicated upon the theory that the county judge cannot take the complaint charging another with an offense, and the further proposition seems to be relied on that the county judge by that means would be disqualified, as being counsel in the case, and in support of the latter statement he cites us to Terry v. State, 24 S. W. Rep., 510, and Abrams v. State, 31 Texas Crim. Rep., 449. Of course, if the county judge had been of counsel for the State or the defendant, he could not sit as a judge in the trial of the case, but how a county judge in taking the affidavit of a party to a complaint would be constituted an attorney in the case, we do not understand. The Abrams' case and Terry case, supra, are correct. It would hardly be debatable, we think, that an attorney who had been of counsel in a case, could subsequently become a judge on the trial in the same case. Our law expressly provides that he shall not be, but a judicial officer taking the affidavit of a party making a complaint does not constitute him a counsel. Now, as to the capacity or legal right or authority of a county judge to take an affidavit, we simply refer to the statutes, civil and criminal, which authorize the judges and justice of the peace to take affidavits and administer oaths, and further that all magistrates are authorized to administer oaths, and without going into a collation of these authorities we cite as sufficient: Article 467: "An information shall not be presented by the district or county attorney until oath has been made by some credible person, charging the defendant with an offense. The oath shall be reduced to writing and filed with the information. It may be sworn to before the district or county attorney who, for that purpose, shall have power to administer the oath, or it may be made before any officer authorized to administer oaths." Turning to article 4, of the Revised Civil Statutes, we find it reads as follows: "All oaths, affidavits or affirmations necessary or required by law may be administered, and a certificate of the fact given, by any judge or clerk of a court of record, justice of the peace, or by any notary public, within this State."

Finding no merit in the motion for rehearing, it is overruled.

*Overruled.*

Brooks, Judge, absent.