JIM CASPER v. THE STATE.

No. 12831.   Delivered December 18, 1929.
Rehearing granted the State March 26, 1930.
Reported in 26 S. W. (2d) 634.

The opinion states the case.

*Garrett & Garrett* of Jacksonville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for unlawfully taking fish by the use of dynamite; punishment, a fine of $25.00 and thirty days in the county jail.

This appears to be a companion case to that of Pope v. State, No. 12832, this day handed down. The record is in precisely the same condition both as to the appeal bond taken and to the lack of an information.

For want of jurisdiction the appeal will be dismissed.

*Dismissed.*

#### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—This is a companion case to Pope v. State, No. 12,832, with identical records and questions of law. For the reasons given for overruling the motion to re-instate in that case the same motion in this case must be denied, but for the reasons also appearing in the case mentioned appellant is given fifteen days from this date to bring before this court an appeal bond complying with the statute.

*Reinstated.*

#### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In view of the fact that appellant has now filed a proper appeal bond, the dismissal of the appeal is set aside and the case considered upon its merits.

The offense was one apparently originating in the county court at Cherokee county, which we presume to have been the court in which the case was originally filed, the offense being one which carries with it a punishment not within the jurisdiction of a justice court. Our attention is called to the fact that no information appears to have been filed presenting the offense in the trial court. We find nothing in the record save a complaint. Mr. Branch in Sec. 519 of his Annotated P. C., cites many authorities supporting the proposition that if the record on appeal fails to contain the information, etc., the judgment will be reversed. Garza v. State, 11 Texas Crim. App. 410; Sponberg v. State, 60 Texas Crim. Rep. 168; Jennings v. State, 30 Texas Crim. Rep. 428. If no information was filed in the trial court, the prosecution was improperly instituted, and for this reason the judgment should be reversed. Stepp v. State, 53 Texas Crim. Rep. 158; Johnson v. State, 17 Texas Crim.

App. 230. Art. 29, C. C. P. specifically provides that upon the filing of a misdemeanor complaint, the attorney for the State shall prepare an information based on such complaint, and file same in the court having jurisdiction. There being no information in this record, this court is without jurisdiction to enter final judgment. Upon the return of the mandate of this court to the trial court, if the State desires to further prosecute, an information could then be prepared and filed with the complaint and a trial be properly had.

The judgment will be reversed and the cause remanded.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—This is a companion case to that of Pope v. State, No. 12832, opinion this day handed down. The facts are substantially the same. Because apparently of kinship the witness Clark was not as full and explicit in his statement in this case as he was in the case against Pope, but we are of opinion there was sufficient evidence to justify the jury in the conclusion of guilt.

The State's motion for rehearing is granted, the judgment of reversal is set aside, and the judgment of the trial court is now affirmed.

*Granted and case affirmed.*