## CARL C. CALLOWAY v. THE STATE.

No. 20409. Delivered May 31, 1939.
Rehearing Denied June 23, 1939.

The opinion states the case.

*H. R. Bishop,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of burglary, and under proper

allegations relative to being a habitual criminal, he was awarded a penalty of life imprisonment.

It is shown by the proof that the tool house of Mrs. Max W. Form was entered burglariously and certain plumbers tools taken therefrom, some portions of which tools were traced into appellant's possession. It further appears that one J. B. Hurst was charged by indictment with this same offense.

Appellant's first bill of exceptions complains of the trial court overruling his motion for a severance, and his request that Hurst be placed on trial first for this offense, in order that in the event of Hurst's acquittal he could be used by appellant as a witness upon his trial. This the court refused to do. In the qualification of said bill it seemed that when this cause was called for trial it was the third setting, the other two settings being continued at appellant's request; that when this cause was called the third time Hurst was not present, and his bond was forfeited, and the court ordered this instant case to trial. We think this was correct. To have granted this belated request for a severance would have continued the case, and the statute provides against such contingency. Art. 651, C. C. P. provides:

"Where two or more defendants are prosecuted for an offense growing out of the same transaction, by separate indictments, either defendant may file his affidavit so stating, and that the evidence of such other party or parties is material for the defense of the affiant, and that affiant believes that there is not sufficient evidence against said party or parties to secure his or their conviction; and such party whose evidence is so sought shall be tried first. *Such affidavit shall not, without other sufficient cause, operate as a continuance to either party.*"

Although it seems that after the jury lists had been struck and handed into the clerk, Mr. Hurst appeared before the jury had been sworn; both sides had announced ready, and the trial was begun and had up to that time occupied about two hours of the court's time, and the court proceeded with this trial. The qualification to the bill also shows that while the jury in this case was out deliberating on their verdict, the man Hurst was brought into court and entered his plea of guilty in this burglary case. It therefore seems apparent to us that he could not have been used as a witness for the appellant in any event. To now send this case back and direct a severance thereof would be to do a useless thing, for no reason for the severance would exist. This bill does not show any error, in our opinion.

Bill of exceptions No. 2 complains of a question being asked one Ruby Calloway as to whether she had talked to Mrs. Carl Form, the objection being that she, being the wife of appellant, had not been interrogated by appellant's attorneys relative to any such conversation. The court's qualification seems to be an answer to such bill. In the qualification thereof it is said by the court that the witness had been divorced from appellant two months prior to the time she was placed upon the stand, and of course was not at such time his wife. In any event the matter was not gone into in any way, and nothing material was developed by such question, and we see no error reflected therein.

Bill of exceptions No. 3 complains that while the defense witness Sergeant Jones was on the stand, and had produced before the jury two sheets of paper showing a record of two arrests of this appellant, he was then asked if such record only covered those two particular days. The court immediately instructed the jury not to consider such question for any purpose. In the first place, under the circumstances, we do not think the question, or its probable answer, evidences any error, it being not only alleged but proven that appellant had committed at least two other offenses of a similar nature, and in the second place, we think the careful trial court's instruction would have cured any error, if such there had been.

Bill of exceptions No. 4 is concerned with an effort upon appellant's part by making an affidavit in the form of a sworn admission of his guilt in the two alleged former convictions for a felony, and to thus preclude the State's attorney from introducing the record showing such prior convictions, this proof being offered for the purpose of an enhancement of the punishment. The court allowed the proof of such convictions, and in his qualification of this bill states that neither the defendant nor his counsel ever made any such admissions before the jury, and the defendant did not take the witness stand. It was the State's privilege and its duty to place its whole case before the jury, and we do not see any error in the trial court allowing the State to so do.

Bill of exceptions No. 5 complains because of the fact that while the witness Mrs. Josephine Brackett was on the stand it was shown on her cross-examination by appellant's attorney that appellant, in company with one Howard Matney, had come to see her, and that the appellant had told her that she was too nice a girl to be working in a beer joint, and, while

he had no money, he would get his friend to finance a trip for her away from Fort Worth; and that thereafterwards this same Howard Matney came back to see her the next day, and this witness was then allowed to testify that Matney told her that she would get a complete new outfit if she would not appear at a certain trial. "He said if I would not appear at a certain trial against a friend of his, that his friend would buy me a complete new suit of clothes, from the skin out." This was as far as the witness was allowed to go in her testimony. This testimony seems to clearly show that with the connivance of the appellant Mr. Matney was endeavoring to get this witness to leave Forth Worth and not appear against appellant at this trial. This was a very material witness, an eye-witness who identified appellant and his companion Hurst at the scene of the offense, and the first trip to see her by appellant and Matney, and the conversation then had, and the second trip by Matney alone, seems to show that they were endeavoring to get this witness to leave the county and not be in a position to testify against appellant. It seems clear that appellant not only tampered with this witness himself, but authorized the second trip of Matney for the same purpose. This bill shows no error.

Bill of exceptions No. 6 complains of the reading to the jury of the counts in the indictment alleging previous convictions on the same ground as set forth in bill No. 4, and this bill has the same qualification, and our ruling hereon is the same. Practically to the same effect is bill No. 7, which is also overruled.

Bill No. 8 relates to the introduction of a portion of a motion for a continuance theretofore filed in this cause, in which portion the appellant had set forth the desired testimony of one Betty Jean Ferguson wherein he stated, in substance, that he was in the company of this woman at the time it was alleged in the indictment that he burglarized the house of Mrs. Max W. Form in company with Hurst, and was with said witness at another and different place, and could not have been present at this burglary. Appellant, while at liberty on bond, signed and swore to such application. It appears from the record that appellant obtained a continuance in September on account of the absence of such witness on the grounds above set forth. Again in October a second motion for continuance was filed, alleging as a basis thereof practically the same facts as those set forth above. Again in December a third motion for a continuance was filed by appellant on account of the absence

of another and different witness. The State contested all these motions, and finally made an admission relative to the witness whose absence was the cause of the making of the third continuance, and this case went to trial in December. It appears that upon the trial of this case the appellant did not himself testify, but offered an alibi supported by his mother and sister, and his ex-wife to the effect that he was with the mother and sister, on the way to see his then wife, at the time of the burglary, and that he talked to his wife, and finally got into an argument with her, and was arrested and spent the remainder of the night in jail, charged with an offense against the wife, and therefore could not have been at the scene of this burglary. This sworn statement in the motion for a continuance was in the nature of an admission, made by appellant while at liberty on bond, and was contradictory to his defense presented at the time of the trial, and in our judgment was admissible. See Wright v. State, 91 S. W. (2d) 715, in which it is said: "We think the sworn statement of appellant, in his application for a continuance, above mentioned admissible in evidence to refute and contradict the testimony of appellant's witnesses just mentioned."

Bill of exceptions No. 10 complains of misconduct on the part of the jury in their deliberations in that they discussed the failure of the defendant to testify. It appears from the testimony heard relative to this bill, at the hearing of the motion for a new trial, that after the jury had arrived at their verdict of guilty, and had fixed the punishment, that some one of them said: "I wonder why the defendant did not take the stand," at which point the foreman, Mr. Marchbanks, said "We must not discuss that; it says not to discuss that in the charge here," at which time he read that portion of the charge, and the jurors' testimony is clear that they made no further mention thereof. Their testimony is also fairly clear that at the time this matter was mentioned they had already made up and signed their verdict, and had summoned the sheriff in order to notify the court that they were ready to return their verdict into the court. We do not think this bill reflects any such misconduct of the jury as would constitute reversible error. See Jenkins v. State, 49 Texas Crim. Rep. 461, 93 S. W. Rep. 726; Stepp v. State, 53 Texas Crim. Rep. 160, 109 S. W. 1093; Smith v. State, 62 Texas Crim. Rep. 281, 136 S. W. Rep. 1063; Rhodes v. State, 153 S. W. Rep. 128, and many more cases cited in Branch's Penal Code, p. 293.

It is our opinion that no error is evidenced by the record before us, and this judgment is accordingly affirmed.

ON MOTION FOR REHEARING.

HAWKINS, Judge.

Appellant urges that if the excerpt from appellant's applications for continuance—objections to which are complained of in bills eight and nine—were contradictory of any alibi evidence offered by him the contradiction was on an immaterial issue and therefore not admissible.

The time of the burglary is not definitely fixed, but occurred sometime between five and nine o'clock on the evening of June 25, 1938. The State's evidence almost conclusively fixed the time at just about eight o'clock, at least within twenty minutes of said hour. It therefore became material for appellant to establish his presence at another place at such time. His mother testified that she and appellant's sister—being in the latter's car—picked appellant up near the Union Bank and Trust Company about seven-thirty on said date; that he got out of a car which had been occupied by him and J. B. Hurst, leaving the latter in the car, and appellant got in the car with witness and appellant's sister; that in response to appellant's request his sister drove her car to a point on Vickery Boulevard where appellant got out, saying he wanted to see his wife who was working there; that they went directly from where they picked him up to the place where he got out and where they left him. His mother further testified, *"My daughter and he, (appellant) and I were the only ones that were in the car."* Appellant's wife testified that she went to work at seven o'clock, and that about an hour later appellant came there and stayed until about nine o'clock; that he and she had some trouble and she had him arrested. The arresting officer testified to the time of the arrest as nine-fifty, and he was placed in the city jail at 10:05. Appellant's wife was asked on cross-examination if she had not told Mrs. Form that appellant came to where she (the wife) worked about ten o'clock and had not been there two minutes until he knocked her down. The wife denied this, affirming that she told Mrs. Form appellant came about dark. Mrs. Form testified that the wife told witness appellant came to the place on Vickery Boulevard about ten o'clock. The evidence was in the shape indicated when the State offered the excerpt from appellant's application for continuance, the substance of the material part being that he expected to prove by Betty Jean Ferguson that about

4:30 on June 25th, 1938, she went with appellant to the place on Vickery Boulevard and remained with appellant constantly until he was arrested there by the police for trouble with his wife, which arrest occurred about eight o'clock. If appellant went to the place on Vickery Boulevard with his mother and sister—no one else being in the car but the three of them—as his mother testified, then he did not go with Betty Jane Ferguson as he claimed in his application for continuance to have done, and if Betty Jane was not there he could not have been with her constantly until he was arrested. If he was not arrested until 9:50 as the officers testified, his claim in the application for continuance that the arrest was about 8:00 o'clock was not true. In other words, the claims made in his application for continuance and the things testified to by some of his witnesses on the trial could not all be true. They were contradictory and were so, we think, upon material issues as the case was developed. If the contents of the application were false, then this could be shown as a "guilty circumstance" against appellant under the facts here presented.

The motion for rehearing is overruled.