ERNEST HANES V. STATE

No. 32,109.  October 5, 1960

Motion for Rehearing Overruled November 30, 1960

Second Motion for Rehearing Overruled January 11, 1961

*Wilson F. Walters,* Denison, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is attempt to commit burglary; the punishment, two years.

About 1:45 A.M., R.D. Arthur, of the Denison Police Department, was making a patrol check of business places. He saw two men at the rear door of Clay's Drive-In Grocery "up against the door." The men "ducked down" behind a compressor and some pop bottle cases.

The patrolman left his car and went behind the store trying to locate the men he had seen. He went on to the railroad track behind the store and stopped, looking both ways. He heard a noise in the grass and weeds on the side of the track, and saw someone move around a large concrete pillar. He then found appellant and one Anderson lying face down in the grass at the bottom of the concrete pillar, some 125 feet from the grocery store door.

Appellant had a pair of tin snips in his hand. As he got up, at the officer's command, he pitched them into the grass. A flashlight, a large punch, a small punch and a chisel were found in his pockets.

Anderson had a 12 pound sledge hammer in his hand and at

the place where they were found lying in the grass a pair of tin snips, two pairs of gloves and a pair of pliers were found.

The door at which the men were seen was aluminum sheeting over two by four framing. A wooden bar across the inside was used to secure it in place of a lock.

On the door two horizontal cuts were found which Mr. Clay, the store owner, testified were not there the day before. The cuts were through the aluminum sheeting and were described as "smooth cuts * * * ." "I put the snips up there and they were the same width and everything." "There were one large cut and then two small cuts." "I put the tin snips up to the door at the mark and checked them with it."

Mr. Clay, the owner of the grocery store, testified that he was acquainted with appellant and had not given appellant or anyone else permission to enter the store after it closed about midnight. Appellant did not testify.

Viewing the evidence in the light most favorable to the jury's finding, it is deemed sufficient to sustain the verdict.

Appellant's brief presents a number of complaints regarding the court's charge, none of which may be considered because of the absence of any exception to the court's ruling in regard thereto.

The record contains motions addressed to the court concerning the production of evidence by the state in advance of the trial. In the absence of any showing that such motions were presented to the court, a ruling secured and an exception reserved, these motions present nothing for review.

The remaining ground for reversal is based upon the overruling of appellant's motion for new trial because of jury misconduct.

If the testimony heard by the trial judge showed any reference to appellant's failure to testify, as alleged, there was evidence to the contrary. At most the record shows a mere mention of the defendant's failure to testify, immediately rebuked, and the juror was reminded that such was not to be considered. This is not ground for reversal. See Calloway v .State, 137 Tex. Cr. R. 405, 129 S.W. 2d 646; Vaughn v. State, 134 Tex. Cr. R. 97, 113 S.W. 2d 895; Jenkins v. State, 49 Tex. Cr. R. 457, 93 S.W. 726;

Branch's Ann. P.C. 2d Ed., Vol 1, p. 564, Sec. 589; De La Rosa v. State, 167 Tex. Cr. Rep. 28, 317 S.W. 2d 544.

The judgment is affirmed.

ON MOTION FOR REHEARING

DICE, Judge

In our original opinion, we did not consider certain motions filed by appellant addressed to the court concerning the production of evidence in advance of trial because it was not shown that such motions were presented to the court and a ruling secured thereon with an exception reserved by appellant to the court's ruling. Appellant's complaints to the court's charge were also not considered because of the absence of any exception to the court's ruling in regard thereto.

By supplemental transcript it is now shown that the motions were duly presented to the court and by the court overruled with exception reserved by appellant to the court's ruling. It is also shown that appellant duly excepted to the court's action in overruling appellant's objections and exceptions to the court's charge.

Under the record as now presented, we shall consider appellant's complaints to the court's action in such matters.

The first motion filed by appellant, if granted by the court, would have required the state to produce at the trial the metal door of the building which appellant was charged with having attempted to burglarize. We know of no rule which requires a trial court to order the State to produce certain evidence at the trial of a criminal case. The entry of any such order as requested by appellant would be within the sound discretion of the trial judge, and no abuse of discretion is shown herein.

The second motion filed by the appellant would have required the State to furnish the appellant in advance of the trial with a transcript of the testimony of the prosecuting witness before the grand jury. In Angle v. State, 165 Tex. Cr. Rep. 305, 306 S. W. 2d 718, the court's refusal to compel the district attorney to turn over to the appellant in the cause the testimony of a witness before the grand jury was held not to constitute error. In Hill v. State, 167 Tex. Cr. Rep. 229, 319 S.W. 2d 318, the refusal of a pre-trial demand that the state be required to produce for the appellant's examination a written statement of a witness al-

legedly in the hands of the prosecution was held not to present error. Under the authority and reasoning in these cases, we find no error in the court's refusal to grant appellant's motion in the instant case.

Appellant insists that the court erred in charging the jury on the law of principals over his objection that the evidence was insufficient to warrant such a charge. The facts as shown in our original opinion were clearly sufficient to authorize a charge on the law of principals. In his brief, appellant insists that the charge given by the court on the law of principals is erroneous because it did not charge the converse of such law. Appellant made no objection to the charge on such ground, in the absence of which his complaint thereto will not be considered. Cage v. State, 167 Tex. Cr. Rep. 355, 320 S.W. 2d 364.

We have again reviewed the record in the light of appellant's other contentions and remain convinced that a proper disposition was made of the case in our opinion on original submission.

The motion is overruled.

Opinion Approved by the Court.