John Kermit LARY, Appellant,

v.

The STATE of Texas, Appellee.

No. 44367.

Court of Criminal Appeals of Texas.

Dec. 7, 1971.

Rehearing Denied Feb. 2, 1972.

R. L. Middleton, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of robbery by assault. The punishment was assessed by a jury at 12 years.

We affirm.

The record reflects that on the night of October 6, 1969, the complaining witness, John R. Coggin, was accosted on a downtown Dallas street by three persons, one of whom was the appellant. He was attacked, thrown to the ground, and robbed of his billfold and approximately $75.00. He testified that the appellant was cursing and kicking him when a Dallas police officer approached and arrested the appellant. The other two robbers fled the scene.

Officer E. R. Bailey testified that he saw Coggin being attacked and arrested the appellant.

Officer T. O. Trotman, of the Dallas Police Department, testified that he arrived on the scene as Officer Bailey was effecting the arrest but did not see the attack.

Appellant, testifying in his own behalf, admitted struggling with the complaining witness, but contended that he did this in self-defense. He stated that on the night of the offense he was on his way to catch a bus, at the Continental Bus Station in downtown Dallas, when he noticed several teenagers run past him; that he was then grabbed by the complaining witness who claimed he had been robbed and the struggle ensued. He stated that in his opinion the complaining witness was intoxicated.

By his first ground of error appellant contends "It was reversible error for the trial judge to allow the state's attorney to turn over to the attorney for the defendant, after the state had rested its case rather than immediately after Officer E. R. Bailey testified, the grand jury testimony of Officer E. R. Bailey, a witness for the state."

The record reflects that pursuant to appellant's motion for discovery the trial court entered an order that he ". . . may have grand jury testimony of any witness at time such witness testifies." The grand jury transcript was furnished to counsel for appellant after the state rested its case in chief during the guilt-innocence stage of the trial. It was not until after the state closed that appellant made the request for such testimony.[1]

This court, in Garcia v. State, Tex.Cr. App., 454 S.W.2d 400, at page 403, stated:

"It has been generally recognized that an accused is not ordinarily entitled to the inspection of grand jury minutes or testimony for the purpose of ascertaining evidence in the hands of the prosecution, or for the purposes of discovery in general. And this is true whether the request is made before or during trial. Hanes v. State, 170 Tex.Cr.R. 394, 341 S.W.2d 428, 20 A.L.R.3d 59, 61. See also Goode v. State, 57 Tex.Cr.R. 220, 123 S.W. 597; Taylor v. State, 87 Tex. Cr.R. 330, 221 S.W. 611, 618; Bryant v. State, Tex.Cr.App., 397 S.W.2d 445, cert. den. 385 U.S. 858, 87 S.Ct. 106, 17 L. Ed.2d 84; Young v. State, Tex.Cr.App., 398 S.W.2d 572.

"The denial of the grand jury testimony has been upheld where there is no showing in the record of any inconsistencies between the witness' trial testimony and his testimony before the grand jury. Angle v. State, 165 Tex.Cr.R. 305, 306 S.W.2d 718; Nisbet v. State, 170 Tex. Cr.R. 1, 336 S.W.2d 142, cert. den., 363 U.S. 829, 80 S.Ct. 1601, 4 L.Ed.2d 1524.

---

1. Officer Bailey was the second of the three witnesses called by the state.

"Of course, the production of grand jury testimony upon request lies within the sound discretion of the trial court and the accused may be permitted to inspect such testimony where some 'special reason' exists. Taylor v. State, supra."

In the instant case, the grand jury testimony was produced and furnished appellant. Officer Bailey was recalled by appellant and questioned concerning such testimony. It was developed that Officer Bailey told the grand jury that in his opinion the complaining witness was intoxicated on the night in question, but that he had since changed his opinion. The appellant received the information he requested and no harm is shown.

Ground of error number one is overruled.

 Next, it is contended that "it was reversible error for the trial judge to overrule appellant's motion for new trial in that the verdict of the jury was contrary to the law and the evidence."

The evidence adduced at the trial was that appellant was 5' 2" tall and weighed 115 pounds. Officer Bailey described the person who attacked the complaining witness on the night of the offense as "approximately five nine and weighs about 165 pounds."

The appellant admitted that he was the person struggling with the complaining witness and was arrested by Officer Bailey. No error is shown.

Further, the jury is the exclusive judge of the facts proved, and of the weight to be given to the testimony. Articles 36.13 and 38.04, Vernon's Ann.C.C.P. The jury in the instant case resolved the issue and we conclude that the evidence, viewed in the light most favorable to the verdict, is sufficient to sustain the conviction. Jones v. State, Tex.Cr.App., 442 S.W.2d 698; Parker v. State, Tex.Cr.App., 432 S.W.2d 526.

Appellant's second ground of error is overruled.

We note that the indictment, judgment, and sentence have appellant's name as John Kermit Lary alias, John K. Lowery. However, the record reflects that the trial court granted his motion to delete the alias. The judgment and sentence are corrected and reformed to show appellant's name as "John Kermit Lary".

There being no reversible error, the judgment, as reformed, is affirmed.