**George Edward GRAY,**
**Petitioner-Appellee,**

v.

**`W. J. ESTELLE, Jr., Director, Texas**
**Department of Corrections,**
**Respondent-Appellant.**

Nos. 77–2133, 77–2541.

United States Court of Appeals,
Fifth Circuit.

May 30, 1978.

Rehearing Denied June 28, 1978.

**210**

John L. Hill, Atty. Gen., Douglas M. Becker, David M. Kendall, Jr., Joe B. Dibrell, Jr., Asst. Attys. Gen., Austin, Tex., for respondent-appellant.

Ken Anderson, Staff Counsel for Inmates, Huntsville, Tex., for petitioner-appellee.

Before SKELTON *, Senior Judge, and FAY and RUBIN, Circuit Judges:

SKELTON, Judge.

This is an appeal from a habeas corpus proceeding in the United States District Court for the Southern District of Texas, Houston Division. On May 13, 1970, the Petitioner (appellee), George Edward Gray, was found guilty by a jury in the 184th District Court of Harris County, Texas, of the offense of murder with malice and was sentenced by the court to seventy-five years confinement in the Texas Department of Corrections. He appealed his case to the Texas Court of Criminal Appeals, which affirmed his sentence in *Gray v. The State of Texas*, 475 S.W.2d 246 (Tex.Cr.App.1971). The Petitioner then filed an application for a writ of habeas corpus in the above Federal District Court after serving approximately seven years of his sentence. Following an evidentiary hearing on March 3, 1977, the District Court made findings of fact and conclusions of law on March 29, 1977 and entered an order granting relief to the Petitioner. The Respondent (appellant) filed a notice of appeal on April 25, 1977, and a Motion for Stay of Order that was granted on May 9, 1977. The Respondent filed a Motion for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure on June 6, 1977, which was denied by the Court on July 14, 1977. The Respondent gave notice of appeal on July 25, 1977, and on August 10, 1977, this Court granted Respondent's Motion to Consolidate the two appeals. We now consider those appeals.

The basic questions in these proceedings are (1) whether or not Petitioner's attorney, T. W. Proctor, had a conflict of interest during the trial of Petitioner in the State District Court, and (2), if such conflict of interest did exist, whether or not the Petitioner knowingly, voluntarily, intentionally and intelligently, after full disclosure, waived his right to conflict-free counsel before he was tried in the State District Court.

The pertinent facts show that attorney, T. W. Proctor, had a typewriter rental business in addition to his law practice. He had

* Senior Judge of the United States Court of Claims, sitting by designation.

filed a complaint against Petitioner, whom he did not know, for theft by bailee of a typewriter. While the complaint was pending, Petitioner was indicted on December 17, 1969, for murder with malice. Proctor wanted to defend Petitioner in the murder case in order to gain experience in a criminal trial, and he told Petitioner that if Petitioner employed him the theft complaint would be dismissed. Proctor also told Petitioner that he (Proctor) thought he could win the murder case. The Petitioner employed Proctor to defend him in the murder case, but since the Petitioner was without funds, Proctor was later appointed by the court as counsel for Petitioner so that Proctor could at least be paid his expenses. After Proctor became Petitioner's counsel in the murder case, he asked that the theft case against Petitioner, for which Petitioner was indicted on April 13, 1970, be dropped, but it was not actually dismissed until after the completion of the murder trial.

The jury returned a verdict of guilty in the murder case and the court sentenced Petitioner to confinement for seventy-five years. His trial counsel, T. W. Proctor, filed a motion for new trial, which was overruled by the court. Whereupon, Proctor gave notice of appeal to the Texas Court of Criminal Appeals. A short time thereafter, Proctor, because of his inexperience, asked the court to relieve him of the responsibility of appealing the case, which request was granted by the court. Thereafter, the court appointed attorney Carl E. F. Dally as Petitioner's counsel for the appeal.

Attorney Dally filed an Amended Motion for New Trial. He asked the court to allow him to withdraw the notice of appeal, which request was granted by the court. In the Amended Motion for New Trial, Petitioner raised for the first time the assertions that he was denied a fair trial because (1) his trial counsel, T. W. Proctor, had a conflict of interest (by reason of the facts set forth above), and (2) he was denied effective aid and assistance of counsel in the trial of his case. The trial court denied the Amended Motion for New Trial, whereupon Petitioner gave notice of appeal, and thereafter appealed his case to the Court of Criminal Appeals. That court affirmed the judgment of the trial court, holding as to the alleged conflict of interest and lack of effective counsel as follows:

"Appellant contends his counsel, prior to his employment by appellant, charged appellant with theft of a typewriter. Appellant's counsel testified that he had discussed this matter with appellant when he was employed by him, and that he had tried to get the case dismissed. We perceive no error.

"Appellant contends he was denied effective aid and assistance of counsel in the trial court. We have examined the record and conclude that appellant was adequately represented." 475 S.W.2d 248.

Thereafter, Petitioner began serving his sentence in the Texas penitentiary. Seven years later he filed the above-mentioned petition for a writ of habeas corpus in the Federal District Court in Houston, Texas, asking that he be released from custody because he had been denied a fair trial in his murder case in the state court, in that (1) his trial counsel, T. W. Proctor, had a conflict of interest during the trial, and (2) he was denied effective aid and assistance of counsel in the trial court because of the inexperience and lack of ability of his attorney in defending him during the trial. The Federal District Court aforesaid held an evidentiary hearing. The evidence at the hearing consisted of a copy of the court records of the state trial court, including the trial transcript and the amended Motion for a New Trial, and the oral testimony of Petitioner's trial attorney, T. W. Proctor. The only evidence produced before the Federal District Court as to the alleged conflict of interest was the contents of the Amended Motion for New Trial and the oral testimony of Proctor. It became important at the hearing to determine whether or not the alleged conflict of interest was known to the State trial judge before Petitioner's murder trial, and whether the trial judge discussed the matter with Petitioner and participated in proceedings with Petitioner

before his trial began that amounted to a knowing and voluntary waiver of such conflict of interest by Petitioner. Counsel for Petitioner contended that the trial judge did not know of the conflict of interest until after the trial as there is nothing in the trial record about it except the Amended Motion for a New Trial, which, of course, was filed after the trial was concluded. The following colloquy between the Federal district judge and counsel for the Petitioner shows this to be true:

"THE COURT: Can you state whether or not there is anything in the record that would shed any light on the Court's knowledge of this thing, other than what is in the transcript of the Motion for New Trial?

MR. REDINGTON: Other than what is in the Motion for New Trial, which indicates an absence of knowledge, nothing else appeared.

THE COURT: From reading that, I got the definite impression that that was the first the judge had heard of all this. It was brought up by the Motion for New Trial."

■ Attorney Proctor testified on direct examination that his conflict of interest was discussed by him and the trial judge and Petitioner in open court before the trial began and that Petitioner insisted on having him as his lawyer and the trial judge approved the arrangement. However, on cross-examination Proctor admitted that it happened so long ago he could be mistaken

and that the discussion may have occurred after the conclusion of the trial, although he did not think so. On this evidence, the district court made a finding of fact that the trial judge was unaware of the conflict of interest until the hearing on the Amended Motion for New Trial. Of course, there could not have been a valid waiver by Petitioner of the conflict of interest without the participation and approval of the trial judge before the trial began. *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975).

Based on the foregoing evidence, the district court made findings of fact and conclusions of law that a conflict of interest existed; that the trial judge was unaware of it until after the trial had been concluded; and that the Petitioner was denied effective assistance of counsel by the conflict of interest of his counsel and that he had not waived this right. The district court granted the writ on March 29, 1977, in his Findings and Conclusions, and by Final Judgment of May 9, 1977, ordered the Petitioner released from custody unless the State of Texas elects to retry him within ninety days. The Respondent filed a notice of appeal to this court on April 25, 1977, and on the same day filed a motion to stay the order of this court, which the district court granted on May 9, 1977, pending the appeal to this court.

On June 6, 1977, the Respondent filed a Motion For Relief From Judgment pursuant to Rule 60(b), Federal Rules of Civil Procedure.[1] The Respondent relied on the

---

1. Rule 60(b), Federal Rules of Civil Procedure, provides as follows:

"(b) *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed

or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the

provisions of Rule 60(b)(1), 60(b)(3), and 60(b)(6), which are set forth in full below in the footnote. Attached to the Motion is a Certificate of Trial Judge [Wallace C. Moore] pursuant to 28 U.S.C., § 2245.[2] This certificate by Judge Wallace C. Moore, who was the presiding judge at the murder trial of Petitioner in the State court, states in pertinent part that he has an independent recollection that the alleged conflict of interest of Petitioner's attorney, T. W. Proctor, was called to his attention before the trial began and before the selection of a jury; that at that time he had a conference in open court with Petitioner and Proctor and Robert C. Bennett, Jr., the prosecutor; that the situation was fully explained by him to Petitioner and that he told Petitioner that a different attorney could be obtained for him if he so desired; that attorney Proctor stated that the typewriter theft complaint he filed against Petitioner was the result of a misunderstanding and that he had already taken steps to have the charges dismissed; that both Petitioner and Proctor beseeched him to allow Proctor to represent Petitioner in the trial, and Petitioner stated that he "strongly desired Mr. Proctor to be his attorney;" that Prosecutor Bennett had no objection; and that Proctor was zealous and uncompromising in his defense of the Petitioner during the trial.

Judge Moore stated further in his certificate that the statements in the findings of fact and conclusions of law of the Federal District Judge that the State trial judge did not know of the conflict of interest of attorney Proctor until the hearing on the Amended Motion For New Trial "is not true;" that the statement that the disclosure did not fully apprise Petitioner of his rights and alternatives and was made in a

context conducive to overreaching by the trial attorney was not factually accurate; and, that he (Judge Moore) did everything he could do short of forcing Petitioner to accept a new lawyer to assure that there was no coercion, overreaching, or any other wrongful conduct or prejudice to Petitioner from the conduct of his attorney and of his trial.

Judge Moore also stated that the foregoing conference and discussion was informal and was not recorded, as no reporter was present.

The Respondent also attached to his Motion an affidavit of prosecutor Bennett that fully corroborates in detail the foregoing certificate of Judge Moore, which we will not repeat here in the interest of brevity.

Federal District Judge Ross N. Sterling denied Respondent's motion on July 14, 1977, and Respondent gave notice of appeal to this court. As stated above, we consolidated this appeal with the prior appeal of the order of the District Court granting the writ, and both appeals are now before us for decision.

The Federal District Court made findings of fact indicating that Petitioner's attorney in the murder case in the State trial court, T. W. Proctor, had a conflict of interest. The Federal District Court also concluded as a matter of law that "an actual and significant conflict of interest was present in this case."

█ It is clear, however, that a defendant may waive the right to have his counsel free from an existing conflict of interest. See *United States v. Garcia*, 517 F.2d 272, 277 (5th Cir. 1975) where we held:

"If defendants may dispense with the right to be represented by counsel altogether, *Faretta v. California*, 422 U.S.

procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.
  As amended Dec. 27, 1946, eff. Mar. 19, 1948; Dec. 29, 1948, eff. Oct. 20, 1949."

2. "§ 2245. Certificate of trial judge admissible in evidence.
  On the hearing of an application for a writ of habeas corpus to inquire into the legality of the

detention of a person pursuant to a judgment the certificate of the judge who presided at the trial resulting in the judgment, setting forth the facts occurring at the trial, shall be admissible in evidence. Copies of the certificate shall be filed with the court in which the application is pending and in the court in which the trial took place.
  June 25, 1948, c. 646, 62 Stat. 966."

806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *McKenna v. Ellis*, 263 F.2d 35 (5th Cir. 1959), it would seem that they may waive the right to have their retained counsel free from conflicts of interest."

In that case we outlined the general nature of the procedure by which criminal defendants might execute a waiver of the right to conflict-free counsel in compliance with *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) as follows:

"[T]he district court should address each defendant personally and forthrightly advise him of the potential dangers of representation by counsel with a conflict of interest. The defendant must be at liberty to question the district court as to the nature and consequences of his legal representation. Most significantly, the court should seek to elicit a narrative response from each defendant that he has been advised of his right to effective representation, that he understands the details of his attorney's possible conflict of interest and the potential perils of such a conflict, that he has discussed the matter with his attorney or if he wishes with outside counsel, and that he voluntarily waives his Sixth Amendment protections . . . It is, of course, vital that the waiver be established by 'clear, unequivocal, and unambiguous language.' . . Recordation of the waiver colloquy between defendant and judge will also serve the government's interest by assisting in shielding any potential conviction from collateral attack . . ." [citations omitted]. 517 F.2d at 278.

The critical and controlling question in the instant case is whether or not the Petitioner waived the conflict of interest of his attorney, with the approval of the trial court, before the murder trial began in the State court. The Federal District Court found as a fact that "The trial judge was unaware of the conflict of interest until this hearing [on the Amended Motion For New Trial]." This finding was fully supported by the evidence heard by the district court at the hearing on the Petitioner's application for the writ. However, when viewed in the light of the subsequent certificate of Judge Moore and the affidavit of Prosecutor Bennett, it appears that the finding may be erroneous.

Rule 60(b), when applicable, may be relied on in habeas corpus proceedings. *Pitchess v. Davis*, 421 U.S. 482, 95 S.Ct. 1748, 44 L.Ed.2d 317 (1975). The Respondent asserted in its Rule 60(b) motion, and contends here, that the judgment of the District Court granting the writ should be set aside under the provisions of Rule 60(b)(1) because the failure of the district attorney to call Judge Moore and Prosecutor Bennett as witnesses at the hearing in the Federal District Court was due to "inadvertence" or "excusable neglect" on his part. We do not agree. There was no logical reason why Judge Moore and Prosecutor Bennett were not called as witnesses, since both of them lived in Houston where the hearing was held and Judge Moore was still a State District Judge. Their testimony was easily available at the time of the hearing. We cannot approve this negligence on the part of the district attorney. The District Court did not abuse his discretion in failing to characterize the omission of this evidence as inadvertent or excusable neglect.

The Respondent also argues that the judgment of the District Court should be set aside under the provisions of Rule 60(b)(3) because of fraud, misrepresentation and other misconduct of the petitioner. In the present posture of the case, we are unable to decide this question because the evidence on this part of the case has not been developed and the record is incomplete. The District Court will be able to decide this issue at the conclusion of another hearing, which we require for reasons set forth below.

Finally, the Respondent contends that the District Court's judgment should be vacated and a new hearing required because of the provisions of Rule 60(b)(6) which authorizes a judgment to be set aside for "any other reason justifying relief from the operation of the judgment." We con-

clude that there is merit to this argument under the facts shown by the record in this case. This clause is reserved for "extraordinary cases." *Ackerman v. United States,* 340 U.S. 193, 200, 71 S.Ct. 209, 212, 95 L.Ed. 207, 212 (1950); and 11 Wright & Miller, Federal Practice and Procedure § 2864, and cases cited therein. It is our view that the instant case is extraordinary and is of great importance to both the petitioner and the State. The evidence sought to be introduced appears to be credible and probative on the basis of Judge Moore's certificate and the affidavit of Prosecutor Bennett. To allow the decision of the District Court to stand, if in fact there was a knowing and voluntary waiver by the petitioner, would result in a gross miscarriage of justice. The consequences of the relief granted are simply too severe to allow the decision to be based on an incomplete record such as we have here. We conclude that the District Judge abused his discretion in refusing to grant a rehearing under the provisions of Rule 60(b)(6) and that the case must be reversed and remanded to the District Court for a full evidentiary hearing on the conflict of interest and waiver issues.

Accordingly, the Findings of Fact and Conclusions of Law of the District Court dated March 29, 1977, and its Final Judgment granting the writ, dated May 9, 1977, together with its Order of July 14, 1977, denying Respondent's Motion for Relief from Judgment pursuant to Rule 60(b) Fed. R.Civ.P., are vacated and set aside, and the case is remanded to the District Court with instructions to hold a full evidentiary hearing on the conflict of interest and waiver issues, with the full right of confrontation and cross-examination afforded to the Petitioner. The District Court is directed to find and determine on the waiver issue whether or not the Petitioner knowingly, voluntarily, intentionally, and intelligently, after a full disclosure and with the approval of the trial judge, waived the conflict of interest of his attorney, T. W. Proctor. In making this determination, the District Court will follow the guidelines set forth in *United States v. Garcia, supra,* where applicable. At the close of the hearing, the District Court is authorized to take appropriate action.

REVERSED and REMANDED with directions.